(Del. Rev. 11/14) Pro Se General Complaint Form

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

RACQUEL LEWIS

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Boscov's (Concord Mall, Delaware)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section I. Do not include addresses here.)*

Civ. Action No. 25-1528
(To be assigned by Clerk's Office)

## COMPLAINT
(Pro Se)

Jury Demand?
☒ Yes
☐ No

2025 DEC 18 PM 1:3?

JCS

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

If this is an employment discrimination claim or social security claim, please use a different form.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

## I. PARTIES IN THIS COMPLAINT

**Plaintiff**

*List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.*

Plaintiff: RACQUEL LEWIS
Name (Last, First, MI)

2207 CONCORD Pike #113 Mailbox Store
Street Address

NC, Wilmington | DE | 19803
County, City | State | Zip Code

N/A | N/A
Telephone Number | E-mail Address (if available)

**Defendant(s)**

*List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: Boscov's (inside Concord Mall)
Name (Last, First)

4737 Concord Pike
Street Address

NC, Wilmington | DE | 19803
County, City | State | Zip Code

Defendant 2:
Name (Last, First)

Street Address

County, City | State | Zip Code

**Defendant(s) Continued**

Defendant 3: ____________________
Name (Last, First)

____________________
Street Address

____________________
County, City State Zip Code

Defendant 4: ____________________
Name (Last, First)

____________________
Street Address

____________________
County, City State Zip Code

## II. BASIS FOR JURISDICTION

*Check the option that best describes the basis for jurisdiction in your case:*

☐ **U.S. Government Defendant:** United States or a federal official or agency is a defendant.

☒ **Diversity of Citizenship:** A matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000.

☒ **Federal Question:** Claim arises under the Constitution, laws or treaties of the United States.

If you chose "Federal Question", state which of your federal constitutional or federal statutory rights have been violated.

violations of the privacy Act of 1974 & Computer Matching & Privacy Protection Act

Violation of Privacy - Intrusion Upon Seclusion (01-24-089324 Report #)

Religious Discrimination - Title VII of C.R.A. of 1964

Retaliation - Title VII violation

~~Fraud Activation of my~~ Fraud pay/Bank CARD 18 U.S. Code § 1702

Opened personal mail 18 U.S. Code § 1702

Harassment

Wrongful Termination - 19 Delaware Code § 1807 &

## III. VENUE

*This court can hear cases arising out of the Counties of New Castle, Kent, and Sussex in the State of Delaware.*

*Under 28 U.S.C § 1391, this is the right court to file your lawsuit if: (1) All defendants live in this state AND at least one of the defendants lives in this district; OR (2) A substantial part of the events you are suing about happened in this district; OR (3) A substantial part of the property that you are suing about is located in this district; OR (4) You are suing the U.S. government or a federal agency or official in their official capacities and you live in this district. Explain why this district court is the proper location to file your lawsuit.*

Venue is appropriate in this Court because:

I am a current resident in the state of Delaware. The opposing party/defendant is in Delaware State. There are a number of claims filed that are also retaliation claims. This is related.

## IV. STATEMENT OF CLAIM

Place(s) of occurrence: Boscov's parking Lot (Back of Mall) Boscov's store, 2nd level Courtesy Desk.

Date(s) of occurrence: 10/11/2024, 10/23/2024, 10/06/24, 10/20/24 10/24 - 11/24

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions.*

**FACTS:**

What happened to you?

Religious Discrimination - Forced to work on Sundays. Even after requested off.

Violation of Privacy / - CAR remotely accessed by Boscov's "security" "Police officer called me Rachel" (CCBC prompted)

Case 1:25-cv-01528-JLH Document 2 Filed 12/18/25 Page 5 of 8 PageID #: 30



. Fraud. My personal mail was opened
. My paycard was preactivated.

- I was scheduled to work over 7 Days without a day off

Harassment - I was harassed on the phone by staff who worked in a different department.

Called Esthupido (stupid) on the phone by staff

Called Stink by staff

- Wrongful Termination - Fired because of complaints to HR & because I answered the phone from the opposite side of the desk.

Was anyone else involved?

N/A
N/O

(Del. Rev. 11/14) Pro Se General Complaint Form

Who did what?

Boscov's Loss Prevention Staff monitored me in September 2025 as I entered the mall with a friend for lunch.

Boscov's Security (Mall & Store) Remotely accessed vehicle when I entered the mall. August 2025 and Immobilizing it while parked in the parking lot.

Boscov's Staff - HARASSED, etc.

## V. INJURIES

*If you sustained injuries related to the events alleged above, describe them here.*

1) increased poverty / Homelessness
2) mental anguish
3) Loss of employment opportunity
4) Loss of benefits
5) Loss of finances

## VI. RELIEF

The relief I want the court to order is:

☑ Money damages in the amount of: $ 500,000.00

☐ Other (explain):

Complete injunction to surveillance by Boscov's loss prevention staff as well as Concord Mall Security

Please See attached 4 pgs & 6 pgs. "claim portion".
&
2 pgs of Exhibits

Case 1:25-cv-01528-JLH Document 2 Filed 12/18/25 Page 8 of 8 PageID #: 33



## VII. CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; and (3) complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

12/18/2025
Dated

[signature]
Plaintiff's Signature

LEWIS RACQUEL
Printed Name (Last, First, MI)

2207 CONCORD Pike #113 Wilmington DE 19803
Address City State Zip Code

N/A
Telephone Number

N/A
E-mail Address (if available)

*List the same information for any additional plaintiffs named. Attach additional sheets of paper as necessary.*

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

Claim portion:

1. **Continuing Violation Doctrine- 42 U.S.C. § 2000e-5(e)(1):**

National Railroad Passenger Corp. v. Morgan, 112S. Ct. 2061(2002); 42 U.S.C Sec 2000e - 5(e)(1) precludes " recovery for discrete acts of discrimination or retaliation that occur outside the {relevant} statutory time period" for filing charges of discrimination. U.S. v. Shrader, 675 F. 3d. 300, 301 (4TH Cir. 2012) ("continuity of purpose to achieve the --------- end - focus on the repetitive and persistent conduct on the part of the harasser..."); McBride v. Pishvaian, 402 Md. 572, 937A.2d 233 (Md.2007) - "Continuing Violations that qualify under this theory are continuing unlawful acts, .... not merely the continuing effects of a single earlier act." 78/79 York Assocs. v. Rand, 175 Misc. 2d 960, 996, 672 N.Y.S 2d 619, 623(1998); See also Alston v. Hormel Foods Corp., 273 Neb. 422, 426, 730 N. W. 2d 376, 381(2007); ('continuing tort doctrine requires that a torturous act not simply the continuing ill effects of prior tortious acts fall within the limitation period.") The "Continuing harm" or "continuing violation" theory tolls the statute of limitations in situations where there are ongoing violations of a potential plaintiff's rights. See Shell Oil v. Parker, 265 Md. 631, 636, 291 A.2d. 64, 67(1972). the United States Supreme Court held that the continuing violation doctrine is available for hostile work environment claims as long as one act of the harassment occurred within the statutory period.

2. **Defamation Tort Law - §504 of the Rehabilitation Act; Title VII of the Civil Rights Act of 1964: Includes Libel/Slander.**

Any intentional false communication, either written or spoken, that harms a persona reputation, decreases the respect, regard, or confidence in which a person is held induces, disparaging, hostile or disagreeable opinions of feelings, against a person is called defamation. The name calling of "estupida, stink, maria simple" are all derogatory offensive attacks said directly to me by staff at Boscov's when harassing me over the stores internal phone system. When I was fired, I was told, "there too many complaints and I can't take it anymore". I was defamed by colleagues to the HR manager. Who stopped speaking to me after hearing complaints about me. She stopped interacting with me. She stopped answering questions for training purposes, she stopped engaging with me all at once. Due to the communication with other staff. Under Maryland law, a defamatory statement is one that "tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or from associating or dealing with, that person." Batson v. Shiflet, 325 Md. 684, 722-23 (1992). Items of defamation that is streamed in media, published online are basis for the accompanied statements and treatment by staff which gives a complete defamatory concept, see American Stores Co. v. Byrd, 229 Md. 5, 181 A. 2d. 333(1962). Samuels v. Tschechtelin maintains, "Damages are presumed, however, when a plaintiff can demonstrate actual malice, by clear and convincing evidence, even in the absence of proof or harm" (135 Md. App. 483, 549-550 (2000)). Additionally, a court may take judicial notice if conduct is so egregious and/or injurious in nature. In such an instance, damages are self-evident. Czarnowski v. DeSoto, Inc. 518 F. Supp.1252, 26 Fep 962 (N.D. III, 1981). "The Plaintiffs employer informed a prospective employer that the plaintiff had filed an EEOC charge... EEOC Decision No.74-77, 1974 EEOC LEXIS 2 (Jan.18, 1974).

3. **Religious discrimination and Violation of the First Amendment of the Constitution - Title VII of 1964:**

Title VII of C.R.A of 1964, An Adverse action occurs when an employer behaves in a way that puts an individual or a group of people at a disadvantage as far as equal employment opportunities go www.eeoc.gov. Religious Discrimination -Title VII of C.R.A. of 1964 - EEOC - "is prohibited in any aspect of employment" including hiring, firing, pay, job assignments, promotions, etc. - 2015 Religious Discrimination is a violation of Titles III of the C.R.A. of 1964 as well. Hosanna - Tabor, 565 U.S. at 199;

Church of the Lukumi Babalu Ayem 508 U.S. at 525-26, 547; see also Burwell v. Hobby Lobby Stores, Inc., 134 S. Ct. 2751, 2770-73 (2014) (even a closely held for-profit corporation may exercise religion if operated in accordance with asserted religious principles.) First Amendment Rights: Gitlow v. New York (1925) held that state laws must be consistent with the first amendment and not violate freedom of speech -www.freedomforum.org; As the Supreme Court has repeatedly counseled, "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." Church of the Lukumi Babalu Aye v. Hialeah, 508 U.S. 520, 531 (1993). They must merely be "sincerely held." Frazee, 489 U.S. at 834. Equality Act of 2010 protects employees from discrimination harassment and victimization because of religion or belief. Religious Discrimination is prohibited (VII of C.R.A. of 1964 – EEOC) when it comes to any aspect of employment including hiring, firing, pay, job assignments, promotions. Religious Discrimination is a violation of Titles III & VII of the C.R.A of 1964. EEOC & Equality Act of 2010 protects employees from Discrimination harassment and victimization because of retaliation & religious beliefs in employment.

4. **Violation of Privacy/Intrusion Upon Seclusion and Fourth Amendment of the Constitution**

Violation of privacy by way of intrusion of solitude constitute a violation of the IV & V amendments of the U.S. Constitution.

"...it is unconstitutional under the Fourth Amendment to conduct a search and seizure without a warrant anywhere that a person has a reasonable expectation of privacy, unless certain exceptions apply - Katz v. U.S., 389 U.S. 347 (1967) - Under Title VII of the C.R.A. of 1964. U.S. v. Warshack, 632 F.3d 266 (6th Cir. 2010). "Reasonable expectation of privacy..." Berger v. NY, 388 U.S. 41, 55(1967); Katz v. U.S. 347(1967); Unlawful access of vehicle; U.S. Privacy ACT OF 1974; As my car was accessed by HR and Boscov's Security while I was inside working. A fixture was broken from inside the car. The same fixture I made a recording of a day or two before the remote access of the vehicle. The statement by security during the fire drill and the statement by the HR manager walking by me at the Courtesy desk. "I got in on the first try" and "people are searching cars in the parking lot". Although security cameras face the cars. They would not pull the footage. My car is equipped with remote accessibility. The company I work for is able to remote control my vehicle. Unlocking and locking doors for access, accessing stored data (i.e. conversations) via LAMBDA device connected to SAM and other blue-tooth devices including phones and tablets, and FM Transmitters and/or GPS receiver (LU). This is not just Intrusion Upon Seclusion, but it is criminal acts because I did not give permission to access my vehicle. Violation of Privacy / Intrusion Upon Seclusion; CFAA 18 USC Section 1030 Computer Fraud & Abuse Act; FISA of 1978, 2008; SCA 18 USC Section 2520 - Stored Communications Act; ECPA - Electronic Communications Privacy ACT - 18 USC Section 250; Penal Code Section 502 PC Unauthorized Computer Access.

5. **Wrongful Termination**: 19 Delaware Code Section 1807 and Violation of EEOC federal laws Title VII of the Civil Rights Act of 1964.

The HR manager fired me for employee complaints and answering the phone from the opposite side of the desk. I was never given a verbal warning regarding the phone. My assistant manager at the time, performed the exact same act. There was no mediation or indication the staff was complaining about me. I was told, "I can't take it anymore". Boscov's HR manager fired me due to retaliation, defamation and discrimination. She did not take the "at-will" employment doctrine into consideration. She fired me for illegal reasons. Not any reason or no reason. She stated "I can't take it anymore", "staff are complaining about you". HR fired me in violation of Public Policy. HR manager contributed to the hostile work environment by ignoring me, accessing my vehicle "I got in on the first try", refusing to rectify my pay in timely manner (refusing to work with others to deactivate the card that was in another person's name and reissuing me a new card); HR Manager refused to communicate with me about staff concerns. The firing

action of the HR Manager is opposite of "at-will" doctrine. Also, violation under the Fair Labor Standards Act (FLSA) it is illegal for employers to allow employees to work without pay - United States Department of Labor.

6. **Wage Theft - Fair Labor Standards Act:**
My first pay was held. I did not receive it and spoke to the Assistant Manager on the 7th day of work without pay, regarding the schedule for the following week and pay period. I was running into working 9 days straight without pay. After this conversation, I was treated different. When I mentioned I am working without pay, the HR Manager walked by and stated, "that's half the battle". Wage Theft is a violation of the FLSA - Fair Labor Standards Act and is a standard form of willful violations/intentional violations. The Assistant Manager was aware of the schedule and my absent pay. She deliberately began to gas light me every chance she got after that.

In a historic Fair Labor Standards Act (FLSA) case, the U.S. District Court for the Western District of Pennsylvania ordered Sam Halper, Comprehensive Healthcare Management Services, and 15 associated nursing homes to pay **$35.8 million** in back wages and liquidated damages to nearly 6,000 employees. [1, 2, 3]https://www.bizjournals.com/pittsburgh/news/2024/07/30/nursing-home-owner-back-overtime-wages.html

7. **Retaliation § 704(a) of the Civil Rights Act of 1964:**
is prohibited under the ADA, and a violation of the Title VII of the C.R.A of 1990, Equal Pay Act and the False Claims Act. All Federal anti-discrimination laws enforced by the EEOC prohibits retaliation. ("Commission precedent requires an agency to analyze an ongoing series of related acts of discrimination as a single claim- an ongoing pattern of harassment whether or not the claims are pled as independent adverse actions or as a pattern of harassment or both") U.S. Equal Employment Opportunity Commission. All of the "proactive" actions of the agencies are retaliatory purposes for the Community College of Baltimore County, - Sias v. City Demonstration Agency, 588 F.2d 692, 18 FEP 981 (9th Cir. 1978) - "held that the plaintiff need not prove actual discrimination in order to be successful in her section 704 Retaliation claim". "It is enough that the opposition be based on a reasonable belief that the employment practices violated Title VII, which the court found to be implicit in the record". Harris v. Jones, 281 Md. 560, 566, 380 A.2d 611, 614(1997) ("...extreme and outrageous character of the defendants conduct may arise from his/her abuse of a position, or relation to another person, which gives them actual or apparent authority over that person, or power to affect their interest".) EEOC vs. Outback Steakhouse of Fla., 75 F. Supp. 2d 756, 82 FEP 1106 (N.D. Ohio 1999) - Title VII retaliation need not be employee related. The Assistant Manager was nice to me until I spoke up about being over worked, requesting Sundays off and my pay check that was not received. She butted in conversations aggressively toward me. Attempting to start arguments. She gaslighted me. She took great pride in giving me my last pay, so that she could hold it and move it as I reached for it. Smiling as she did so. The HR manager ignored my calls, my greetings and questions. After mentioning not being paid. Unlawfully accessing my vehicle, opening mail that was sent to me are acts of retaliation and violation of Title VII of the Civil Rights Act 1964; as well as the Rehabilitation Act. §VIII – Proving discrimination – retaliation. The Supreme Court has defined retaliation as an intentional act. 42 U.S.C §§ 12101-12213 (2004). The antiretaliation provision of the ADA is set forth at 42 U.S.C v 12203. See Penny v. United Parcel Serv., 128 F.3d 408, 417, 7 AD Cases 718 (6TH Cir. 1997) (Retaliation claims are treated the same whether brought under the ADA or Title VII.").

8. **<u>Hostile Work Environment includes Fraud: Title VII - 42 U.S.C. §2000e-3(a)</u> -** other unlawful employment practices are prohibited under Title VII.

The fraudulent activity of opening mail directed to me; coercing me to create a Chime account on the companies computer AND the transaction was "suddenly" intercepted with an error message; pressuring me (only, out of all the new hires) to apply for a company credit card (assistant manager; calling me names; gaslighting me/picking arguments; treating me less than admirable compared to other employees; harassing me on the company phone; breaking-into my vehicle/gaining remote access to my car unlawfully; holding my pay check; orchestrating customers to complain about me; refusing to issue another pay card as the first was in someone else's name all constitute a hostile work environment, intentionally. Hostile Work Environment is prohibited under various Federal Anti-discrimination laws - Title VII of the C.R.A; ADA of 1990; Genetic Information Non-Discrimination Act of 2008; Age Discrimination in Employment Act of 1967.

***"Organized Fraud (2023):*** *U.S. Secret Service and State Police uncovered a multi-state ring targeting Boscov's. Criminals opened Boscov's charge cards using stolen identities and diverted the cards to New York to buy merchandise." (https://www.skooknews.com/2023/11/investigation-uncovers-large-scale.html#google_vignette)* – The aforementioned is very similar in circumstance to what I experienced at Boscov's Concord Mall in Wilmington.

Staff made negative reference to my persona. I was never talked with about it. But the name calling and negative reference to others in my vicinity was clear. Violations of Title VII of the Civil Rights Act of 1964, as it is also dealing with Religious Discrimination and possible Americans with Disabilities Act. Contributes to Hostile Work Environment and Libel Defamation.

Sec. 3401 "Employees who exercise their constitutional or statutory rights to thwart workplace discrimination on the basis of sex or race or other protected characteristics and whose employers retaliate for those protected activities have recourse to federal law to remedy the effects of those retaliatory acts. Suit may be brought under the Constitution 1 under various federal statutes and orders 2 and, in particular, under section 704 (a) of the Civil Rights Act of 1964. "Larson, Employment Discrimination, Ch 34, 2 Retaliation (Matthew Bender). Section 7-465 of the General Statutes provides a remedy for damage persons - Martyn v. Donlin, 148 Conn. 27, 32, 166 A. 2d 856(1961). Indemnification has covered damages awarded for "infringement of any person's civil rights" Public Acts 1975, No. 75-408, Sec 3; Violation of Privacy / Intrusion Upon Seclusion; Federal Interstate Stalking; ECPA/SCA Federal computer law violations.

5/20/2026