**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RACQUEL LEWIS, | : | |
| Plaintiff, | : | No. 1:25-cv-01528-JLH |
| v. | : | |
| BOSCOV'S (INSIDE CONCORD MALL), | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**MARGOLIS EDELSTEIN**

Krista M. Reale, Esquire
DE Id. #4748
300 Delaware Ave., Suite 800
Wilmington, DE 19806
Email: kreale@margolisedelstein.com
Phone: 302-404-4785

**HOFFMAN & HLAVAC**

Steven E. Hoffman, Esquire (admitted Pro Hac Vice)
Shanna R. Fegely, Esquire (admitted Pro Hac Vice)
1605 N. Cedar Crest Blvd., Suite 509
Allentown, PA 18104
Ph # 484-408-6001 Fax # 484-408-6018
Email: shoffman@hhe-law.com
Email: sfegely@hhe-law.com
*Attorneys for Defendant*

DATE: August 24, 2025

# TABLE OF CONTENTS


**I. INTRODUCTION** .......... 1

**II. PROCEDURAL BACKGROUND** .......... 1

**III. STATEMENT OF FACTS** .......... 2

**IV. QUESTIONS PRESENTED** .......... 4

**V. LEGAL STANDARD** .......... 4

**VI. ARGUMENT** .......... 5

- **A. PLAINTIFF FAILS TO STATE A CLAIM UNDER TITLE VII BASED ON RELIGION.** .......... 5
  - **1. Plaintiff Fails to Plausibly Allege a Religious Accommodation Claim.** .......... 6
  - **2. Plaintiff Fails to Plausibly Allege Religious Disparate Treatment** .......... 8
  - **3. To the Extent Plaintiff Attempts to Assert a Religious Hostile Work Environment Claim, the Second Amended Complaint Fails to State a Claim.** .......... 9
- **B. PLAINTIFF FAILS TO STATE A CLAIM FOR RETALIATION UNDER TITLE VII.** .......... 11
- **C. PLAINTIFF'S REMAINING FEDERAL STATUTORY AND CONSTITUTIONAL CLAIMS FAIL AS A MATTER OF LAW.** .......... 14
- **D. THE COURT SHOULD DISMISS PLAINTIFF'S REMAINING STATE-LAW CLAIMS.** .......... 18

**VII. CONCLUSION** .......... 21

**TABLE OF AUTHORITIES**

**Cases**

*Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265 (3d Cir. 2001) ........................ 8, 10, 11
*Alred v. Eli Lilly & Co.*, 771 F. Supp. 2d 356 (D. Del. 2011)....................................................20
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................. 4, 5, 14, 15
*Barber v. CSX Distribution Services*, 68 F.3d 694 (3d Cir. 1995) .............................................13
*Barker v. Huang*, 610 A.2d 1341 (Del. 1992)................................................................................19
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)........................................................... 4, 5, 15
*Brett v. Brett*, 503 Fed. Appx. 130 (3d Cir. 2012) .......................................................................17
*Brown v. Philip Morris Inc.*, 250 F.3d 789 (3d Cir. 2001).........................................................15
*Caruano v. Bayhealth Medical Center, Inc.*, 714 F. Supp. 3d 461 (D. Del. 2024) .........................7
*Carvalho-Grevious v. Delaware State University*, 851 F.3d 249 (3d Cir. 2017)................... 12, 14
*Cmty. Med. Ctr. v. Emergency Med. Servs. of Ne. Pa., Inc.*, 712 F.2d 878 (3d Cir. 1983) ..........15
*Connelly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016)........................5, 6, 8, 9, 10, 12, 14
*Crawford v. Metropolitan Gvt of Nashville & Davidson County*, 555 U.S. 271 (2009)..............12
*Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130 (3d Cir. 2006) .... 12, 13
*Darby v. Temple University*, 216 F.Supp.3d 535 (E.D. Pa. 2016)..............................................13
*Davis v. Abington Mem'l Hosp.*, 765 F.3d 236 (3d Cir. 2014) ....................................................16
*Doe v. Cahill*, 884 A.2d 451, 463 (Del. 2005).............................................................................18
*Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 877 F.3d 487 (3d Cir. 2017) .....................................6
*Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153 (3d Cir. 2014) ..........................................16
*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ...........................................................5
*Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107 (3d Cir. 2003) ...............................................17
*Gagliardino v. Pinkerton Consulting & Investigations*, 2024 WL 552787 (D. Del. Feb. 12, 2024) ..........................................................................................................................16
*Gardner v. State of Del. Dep't of Health & Soc. Servs.*, 159 F. Supp. 3d 473 (D. Del. 2016)......10
*Harvey v. Bayhealth Medical Center, Inc.*, 715 F. Supp. 3d 594 (D. Del. 2024)............................7
*Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011) ....................................16
*Lord v. Souder*, 748 A.2d 393 (Del. 2000)....................................................................................20
*Makky v. Chertoff*, 541 F.3d 205 (3d Cir. 2008)...............................................................................8
*Malleus v. George*, 641 F.3d 560 (3d Cir. 2011)..............................................................................5
*Max v. Republican Comm. of Lancaster Cnty.*, 587 F.3d 198 (3d Cir. 2009)..............................15
*Moore v. City of Philadelphia*, 461 F.3d 331 (3d Cir. 2006) .......................................................12
*Neal v. Genesis Props. of Del., Ltd. P'ship, L.P.*, 870 F. Supp. 2d 369 (D. Del. 2012) ......... 10, 11
*Painadath v. Lattanzio*, 2024 WL 1836500 (E.D. Pa. Apr. 26, 2024).................................. 10, 11
*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) .......................................................4
*Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366 (3d Cir. 2004) .............................................16
*Prowel v. Wise Bus. Forms, Inc.*, 579 F.3d 285 (3d Cir. 2009)........................................... 10, 11
*Shomide v. ILC Dover, Inc.*, 521 F. Supp. 2d 324 (D. Del. 2007)...............................................20

*Shorter v. United States*, 12 F.4th 366 (3d Cir. 2021) ....................5
*Smith v. Christiana Care Health Servs. Inc.*, 2026 WL 25631 (D. Del. Jan. 5, 2026) ....................16
*Smith v. City of Atlantic City*, 138 F.4th 759 (3d Cir. 2025) ....................6
*Stanziale v. Jargowsky*, 200 F.3d 101 (3d Cir. 2000) ....................16
*Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069 (Del. 1983) ....................19
*Tani v. FPL/Next Era Energy*, 811 F. Supp. 2d 1004 (D. Del. 2011) ....................15
*United States v. Kramer*, 75 F.4th 339 (3d Cir. 2023) ....................15
*Wilkerson v. New Media Tech. Charter Sch., Inc*., 522 F.3d 315 (3d Cir. 2008) ....................6
*Wishkin v. Potter*, 476 F.3d 180 (3d Cir. 2007) ....................16

**Statutes**

19 Del. C. § 712 ....................20
5 U.S.C. § 552 ....................17
18 U.S.C. § 1702 ....................17
18 U.S.C. § 1030 ....................17
42 U.S.C. § 2000 ....................6, 12, 16
50 U.S.C. § 1801 ....................17

Defendant, Boscov's (Inside Concord Mall), by and through its undersigned counsel, hereby submits this Brief in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof, respectfully states as follows:

## I. INTRODUCTION

Plaintiff, Raquel Lewis ("Plaintiff"), proceeding *pro se*, asserts numerous federal and state law claims against Defendant Boscov's (Inside Concord Mall)[1] ("Boscov's") arising from her former employment. Construed liberally, the Second Amended Complaint appears to assert claims for religious discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), together with various constitutional, statutory, and common-law theories. However, notwithstanding the liberal construction afforded to *pro se* pleadings, Plaintiff must still allege sufficient factual matter to state a claim upon which relief can be granted. Here, the Second Amended Complaint consists largely of conclusory allegations, legal labels, and generalized workplace grievances that fail to plausibly state any viable cause of action. Accordingly, Plaintiff's Second Amended Complaint (D.I. 12) should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action on December 18, 2025 by filing a Complaint against Boscov's and Jacklyn Hitch, together with an Application to Proceed in District Court Without Prepaying Fees or Costs. (D.I. 1, 2). On December 29, 2025, the Court granted Plaintiff leave to proceed *in forma pauperis*. Thereafter, because Plaintiff was proceeding *in forma pauperis*, the Court directed that service would be accomplished by the United States Marshals

[1] The proper name of Boscov's is Boscov's Department Store, LLC.

Service upon Plaintiff's submission of the required service documents. Before service was completed, Plaintiff twice sought leave to amend her pleadings. First, on May 4, 2026, Plaintiff filed a Motion to Amend her Complaint. (D.I. 10). By Order dated May 5, 2026, the Court granted that motion and directed that the filing at D.I. 10 would serve as the Amended Complaint. The Court further instructed Plaintiff to submit revised service documents reflecting the amended pleading before the United States Marshals Service would effect service. Shortly thereafter, on May 20, 2026, Plaintiff filed a second Motion to Amend together with another amended pleading and exhibits. (D.I. 12). By Memorandum Order dated May 27, 2026, the Court granted Plaintiff leave to amend and directed that the filing at D.I. 12 would serve as the operative Second Amended Complaint. In the same Order, the Court conducted the screening required by 28 U.S.C. § 1915(e)(2)(B) and *sua sponte* dismissed all claims against Defendant Jacklyn Hitch, concluding that the Second Amended Complaint failed to allege facts sufficient to state a plausible claim for relief against her. As a result of that ruling, Boscov's is the sole remaining defendant in this action.

Following entry of the Court's May 27, 2026 Order, Plaintiff submitted the required service documents and the United States Marshals Service mailed a Notice of Lawsuit and Request for Waiver of Service to Boscov's. Boscov's timely executed a Waiver of Service, which was filed on July 27, 2026. (D.I. 14). Boscov's now timely files the instant Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## III. STATEMENT OF FACTS

Taken as true solely for purposes of the instant Motion, and without admitting the truth of the allegations, the pertinent facts alleged in Plaintiff's Second Amended Complaint are as follows. Plaintiff alleges that she was employed by Boscov's at its Concord Mall location in Wilmington, Delaware. Plaintiff alleges that, during her employment, she requested Sundays off from an

assistant manager, but her request was denied and she continued to be scheduled to work on Sundays. Plaintiff characterizes the denial of that request as religious discrimination. (D.I. 12 at 4 (Statement of Claim); D.I. 12-2 at 1, 4). Plaintiff further alleges that, during her employment, Boscov's security personnel remotely accessed or searched her vehicle; police officers were called following one such incident; an assistant manager opened Plaintiff's personal mail; Plaintiff's payroll debit card had already been activated before she received it; and she was scheduled to work more than seven consecutive days without a day off. (D.I. 12 at 4-5 (Statement of Claim); D.I. 12-2 at 1-3). Plaintiff also alleges that an assistant manager verbally confronted her during a workplace disagreement, that coworkers repeatedly telephoned and paged her over the company phone system, referred to her using derogatory names including "Estupida," "Maria Simple," and "Stink," and spoke about her in her presence. (D.I. 12-2 at 7-9). Plaintiff further alleges that Boscov's loss prevention personnel monitored her during breaks and after she left the store, while Human Resources ignored her greetings, telephone calls, questions, and treated her differently from other employees, and instructed her to open a Chime account after problems allegedly arose with her payroll card. (D.I. 12 at 5-6 (Statement of Claim); D.I. 12-2 at 2-5). Plaintiff further alleges that, after her employment ended, she entered the Concord Mall in August 2025, at which time she claims her vehicle was remotely accessed and immobilized in the parking lot. Plaintiff also alleges that Boscov's participated in an ongoing campaign of discrimination and retaliation beginning with a prior employer and invokes the continuing violation doctrine in support of that theory. (D.I. 12 at 6 (Statement of Claim); D.I. 12-2 at 3-4). In support of those allegations, Plaintiff attached a Wilmington Police Department incident report concerning an October 22, 2024 report of alleged criminal mischief involving her vehicle. According to the report, Plaintiff reported that the rear interior light inside her vehicle had been tampered with, no property was reported stolen, no

suspect was identified, and the matter remained pending and inactive. (D.I. 12-3). Finally, Plaintiff alleges that Boscov's subjected her to religious discrimination, retaliation, hostile work environment, wrongful termination, violations of the Fair Labor Standards Act, invasion of privacy, and various constitutional and statutory violations. Plaintiff seeks compensatory damages in the amount of $500,000.00, together with injunctive relief. (D.I. 12 at 3, 7; D.I. 12, Claim Portion at 1-4; D.I. 12-2 at 4-6).

## IV. QUESTIONS PRESENTED

**A. WHETHER PLAINTIFF FAILS TO STATE A CLAIM UNDER TITLE VII BASED ON RELIGION?**
***Suggested Answer: Yes***

**B. WHETHER PLAINTIFF FAILS TO STATE A CLAIM FOR RETALIATION UNDER TITLE VII?**
***Suggested Answer: Yes***

**C. WHETHER PLAINTIFF'S REMAINING FEDERAL STATUTORY AND CONSTITUTIONAL CLAIMS FAIL AS A MATTER OF LAW?**
***Suggested Answer: Yes***

**D. WHETHER PLAINTIFF'S REMAINING STATE-LAW CLAIMS FAIL AS A MATTER OF LAW?**
***Suggested Answer: Yes***

## V. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded factual allegations contained in the complaint and draw all reasonable inferences in the plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, a plaintiff's obligation to provide the grounds for her entitlement to relief requires more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual allegations to raise a right to relief above the speculative level. *Id.* The Supreme

Court further explained in *Ashcroft v. Iqbal* that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. 556 U.S. 662, 678 (2009). A claim is facially plausible only when the plaintiff pleads factual content that permits the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Although the Court must accept well-pleaded factual allegations as true, it need not accept legal conclusions couched as factual allegations. *Id.*; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The Third Circuit has instructed courts evaluating a Rule 12(b)(6) motion to conduct a three-step analysis: (1) identify the elements the plaintiff must plead to state a claim; (2) identify allegations that are merely conclusory and therefore not entitled to the assumption of truth; and (3) evaluate the well-pleaded factual allegations to determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); see also *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Although pleadings filed by *pro se* litigants are construed liberally, *pro se* plaintiffs must nevertheless allege sufficient facts to state a plausible claim for relief under the pleading standards established by *Twombly* and *Iqbal*. See *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

## VI. ARGUMENT

### A. PLAINTIFF FAILS TO STATE A CLAIM UNDER TITLE VII BASED ON RELIGION.

Construed liberally, Plaintiff's Second Amended Complaint appears to assert claims for religious discrimination under Title VII based upon an alleged failure to accommodate, disparate treatment, and, to the extent intended, a hostile work environment. Although Plaintiff is not required to establish a *prima facie* case at the pleading stage, she must allege sufficient factual matters to raise a reasonable expectation that discovery will reveal evidence supporting each element of her claims. *Connelly*, 809 F.3d at 789. Plaintiff has failed to do so. Specifically, the

Second Amended Complaint fails to plausibly allege: (1) a viable religious accommodation claim; (2) disparate treatment because of Plaintiff's religion; or (3) a religious hostile work environment. Accordingly, Plaintiff's Title VII religious discrimination claims should be dismissed.

**1. Plaintiff Fails to Plausibly Allege a Religious Accommodation Claim.**

Title VII prohibits an employer from discriminating against an employee because of the employee's religion. 42 U.S.C. § 2000e-2(a)(1). The statute defines "religion" to include "all aspects of religious observance and practice, as well as belief," unless the employer demonstrates that it is unable to reasonably accommodate an employee's religious observance or practice without undue hardship. 42 U.S.C. § 2000e(j). To establish a *prima facie* claim for religious discrimination based upon an employer's alleged failure to accommodate, a plaintiff must demonstrate that: (1) she held a sincere religious belief that conflicted with a job requirement, (2) she informed her employer of the conflict, and (3) she was disciplined for failing to comply with the conflicting requirement. *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 877 F.3d 487, 490 (3d Cir. 2017); *Smith v. City of Atlantic City*, 138 F.4th 759, 774 (3d Cir. 2025). The Third Circuit has further explained that, because religion encompasses innumerable beliefs and practices, an employer cannot be expected to infer a religious conflict from an employee's conduct alone. Rather, the employee must provide the employer with "fair warning" that a particular employment requirement conflicts with the employee's religious beliefs. *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315, 319 (3d Cir. 2008). Although Plaintiff is not required to establish a *prima facie* case at the pleading stage, she must allege sufficient factual matter to plausibly support each of those elements. *Connelly*, 809 F.3d at 789.

Courts in this District have dismissed religious accommodation claims where a plaintiff fails to allege facts identifying the religious belief at issue and connecting that belief to the

challenged employment requirement. See *Harvey v. Bayhealth Medical Center, Inc.*, 715 F. Supp. 3d 594, 600 (D. Del. 2024); *Caruano v. Bayhealth Medical Center, Inc.*, 714 F. Supp. 3d 461, 468-69 (D. Del. 2024). Here, Plaintiff's Second Amended Complaint does not plausibly allege a religious accommodation claim. Construing the pleading liberally, Plaintiff alleges only that she requested Sundays off from work and that Boscov's denied her request. (D.I. 12 at 4 (Statement of Claim); D.I. 12-2 at 1, 4). Beyond that allegation, however, Plaintiff never identifies her religion, describes any sincerely held religious belief, alleges that her faith prohibited her from working on Sundays, identifies any religious observance or practice requiring her to refrain from Sunday work, or otherwise explains why working on Sundays conflicted with any sincerely held religious belief. Rather, Plaintiff simply characterizes the denial of her scheduling request as "religious discrimination." (D.I. 12 at 4; D.I. 12-2 at 4-6). Like the complaints dismissed in *Harvey* and *Caruano*, Plaintiff's Second Amended Complaint fails to allege facts identifying the religious belief at issue or explaining how that belief conflicted with the challenged employment requirement. Without those factual allegations, the Court cannot reasonably infer that Plaintiff held a sincerely held religious belief that conflicted with a job requirement. Instead, Plaintiff offers only the legal conclusion that Boscov's discriminated against her because of her religion.

Moreover, even assuming Plaintiff adequately alleged a sincerely held religious belief, the Second Amended Complaint still fails to allege that Plaintiff informed Boscov's that her request for Sundays off was based upon a religious conflict. Plaintiff alleges only that she requested Sundays off and that the request was denied. (D.I. 12 at 4 (Statement of Claim); D.I. 12-2 at 1, 4). The Second Amended Complaint contains no factual allegations that Plaintiff informed her supervisor, Human Resources, or any other representative of Boscov's that her request stemmed from a sincerely held religious belief or that she was seeking a religious accommodation under

Title VII. At most, Plaintiff alleges an ordinary scheduling request. Nothing in the pleading permits a reasonable inference that Boscov's understood Plaintiff's request to be based upon a conflict between her religious beliefs and her work schedule.

Accordingly, Plaintiff has failed to plausibly allege the elements of a Title VII religious accommodation claim. As the Second Amended Complaint does not allege facts demonstrating either that Plaintiff held a sincerely held religious belief that conflicted with a job requirement or that Boscov's was informed of any such conflict, Plaintiff fails to state a claim for religious accommodation under Title VII, and that claim should be dismissed.

**2. Plaintiff Fails to Plausibly Allege Religious Disparate Treatment**

To the extent Plaintiff asserts a claim for disparate treatment based upon her religion, the Second Amended Complaint likewise fails to state a claim upon which relief can be granted. Title VII prohibits an employer from discriminating against an employee "because of" the employee's religion. 42 U.S.C. § 2000e-2(a)(1). Religious disparate treatment claims are analyzed under the familiar Title VII discrimination framework. *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 281-82 (3d Cir. 2001). Under that framework, a plaintiff ultimately must establish that she: (1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of intentional discrimination. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008). At the pleading stage, however, Plaintiff need not establish a *prima facie* case; rather, she must allege sufficient factual matter to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of her claim. *Connelly*, 809 F.3d at 789. Conclusory allegations that merely recite the elements of a discrimination claim are insufficient to survive a motion to dismiss. *Id.* at 789-90.

Here, Plaintiff's allegations are entirely conclusory. Construing the Second Amended Complaint liberally, Plaintiff alleges that she requested Sundays off, that Boscov's denied her request, and that the denial constituted "religious discrimination." (D.I. 12 at 4 (Statement of Claim); D.I. 12-2 at 4-6). Beyond that conclusory assertion, however, Plaintiff alleges no facts from which the Court could reasonably infer that any action taken by Boscov's was because of her religion.

Specifically, Plaintiff does not allege that any supervisor or manager made comments regarding her religion, expressed hostility toward her religious beliefs or practices, criticized her desire to attend religious services or observe a Sabbath, or otherwise referenced religion in connection with the denial of her scheduling request. Further, Plaintiff does not allege facts suggesting that Boscov's treated employees outside her protected class more favorably under similar circumstances or otherwise engaged in conduct giving rise to an inference of intentional religious discrimination. Instead, Plaintiff simply concludes that Boscov's engaged in "religious discrimination" because it denied her request for Sundays off. (D.I. 12-2 at 4-6).

Those allegations are insufficient under Rule 8. As the Third Circuit has explained, while a plaintiff need not plead a *prima facie* case, she must allege sufficient factual matter to permit a reasonable inference that discovery will uncover evidence supporting the elements of her claim. *Connelly*, 809 F.3d at 789. Plaintiff's Second Amended Complaint does not meet that standard. Accordingly, to the extent Plaintiff asserts a Title VII claim for religious disparate treatment, that claim should be dismissed.

**3. To the Extent Plaintiff Attempts to Assert a Religious Hostile Work Environment Claim, the Second Amended Complaint Fails to State a Claim.**

To the extent Plaintiff's Second Amended Complaint may be construed as asserting a claim for a religiously hostile work environment under Title VII, that claim likewise fails as a matter of

law. To state a claim for a religiously hostile work environment under Title VII, a plaintiff must plausibly allege that: (1) she suffered intentional discrimination because of her religion; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) it would have detrimentally affected a reasonable person of the same religion in her position; and (5) a basis exists for imposing respondeat superior liability upon the employer. *Abramson*, 260 F.3d at 276-77; *Prowel v. Wise Bus. Forms, Inc.*, 579 F.3d 285, 292-93 (3d Cir. 2009). Although Plaintiff need not establish each element of a *prima facie* case at the pleading stage, she must allege sufficient factual matter to permit a reasonable inference that discovery will reveal evidence supporting the elements. *Connelly*, 809 F.3d at 789.

Courts applying these principles have rejected religious hostile work environment claims where the alleged conduct was not because of religion or was insufficiently severe or pervasive. See *Gardner v. State of Del. Dep't of Health & Soc. Servs.*, 159 F. Supp. 3d 473, 476–77 (D. Del. 2016); *Neal v. Genesis Props. of Del., Ltd. P'ship, L.P.*, 870 F. Supp. 2d 369, 376-78 (D. Del. 2012); *Painadath v. Lattanzio*, 2024 WL 1836500, at *5-6 (E.D. Pa. Apr. 26, 2024).

Here, Plaintiff's Second Amended Complaint contains no factual allegations plausibly suggesting that she was subjected to harassment because of her religion. Construed liberally, Plaintiff alleges only that Boscov's denied her request to have Sundays off and that such denial constituted religious discrimination. (D.I. 12 at 4 (Statement of Claim); D.I. 12-2 at 4-6). Plaintiff does not allege that any supervisor, manager, or coworker made derogatory comments regarding her religion, ridiculed or mocked her religious beliefs or practices, criticized her desire to attend religious services or observe the Sabbath, attempted to coerce her into violating her religious beliefs, or engaged in any other conduct from which religiously discriminatory hostility reasonably could be inferred. Accordingly, Plaintiff fails to plausibly allege the first element of a religious

hostile work environment claim, that she suffered intentional discrimination because of her religion. *See Abramson*, 260 F.3d at 276-79; *Prowel*, 579 F.3d at 292-93; *Painadath*, 2024 WL 1836500, at *5-6.

Moreover, even assuming the denial of Plaintiff's scheduling request could be construed as religiously motivated, Plaintiff alleges no facts plausibly suggesting a hostile or abusive work environment. At most, she identifies a single scheduling dispute concerning Sundays off. She does not allege repeated religious harassment or facts suggesting that her workplace was permeated with discriminatory intimidation, ridicule, or insult. *See Abramson*, 260 F.3d at 279-80. Indeed, in *Neal*, three comments expressly directed at the plaintiff's religious garb over a fourteen-day period were held too infrequent, short-lived, and non-threatening to constitute sufficiently severe or pervasive harassment. 870 F. Supp. 2d at 377-78. Plaintiff alleges even less here: a single scheduling denial, unaccompanied by religious comments, ridicule, intimidation, or other alleged harassment. Her allegations therefore do not plausibly describe a workplace altered by severe or pervasive religious harassment.

Accordingly, to the extent Plaintiff attempts to assert a Title VII claim for a religiously hostile work environment, the Second Amended Complaint fails to state a claim upon which relief can be granted, and that claim should be dismissed.

### B. PLAINTIFF FAILS TO STATE A CLAIM FOR RETALIATION UNDER TITLE VII.

Plaintiff's Title VII retaliation claim likewise fails because the Second Amended Complaint does not plausibly allege that Plaintiff engaged in protected activity under Title VII or that any materially adverse employment action occurred because of such activity.

Title VII prohibits an employer from retaliating against an employee because the employee "has opposed any practice made an unlawful employment practice" by Title VII or "has made a

charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). To establish a retaliation claim, a plaintiff ultimately must demonstrate that: (1) she engaged in protected activity; (2) she suffered a materially adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006); *Carvalho-Grevious v. Delaware State University*, 851 F.3d 249, 257-58 (3d Cir. 2017). Although Plaintiff need not plead a *prima facie* case, the Second Amended Complaint must allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of her retaliation claim. *Connelly*, 809 F.3d at 789.

As discussed above, Plaintiff fails to allege that she informed Boscov's that her request for Sundays off conflicted with a sincerely held religious belief or otherwise requested a religious accommodation under Title VII. Rather, Plaintiff alleges only that she requested Sundays off, that the request was denied, and that she was thereafter required to work Sundays. That omission also undermines Plaintiff's retaliation claim because the Second Amended Complaint does not allege that her request for Sundays off communicated opposition to religious discrimination or otherwise communicated that the request implicated rights protected by Title VII.

The opposition clause protects employees who oppose employment practices made unlawful by Title VII. *Moore*, 461 F.3d at 341. While an employee need not file a formal charge or use particular legal terminology, the employee's communication, viewed in context, must convey opposition to an employment practice prohibited by Title VII. *Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 135–36 (3d Cir. 2006); *Crawford v. Metropolitan Government of Nashville & Davidson County*, 555 U.S. 271, 276 (2009). Likewise, the Third Circuit has explained that protected activity must identify, "at least by context," both the employer

and the allegedly unlawful employment practice. *Curay-Cramer*, 450 F.3d at 135. Thus, generalized workplace complaints, requests that do not communicate opposition to unlawful discrimination, or complaints of unfair treatment that do not convey opposition to discrimination prohibited by Title VII do not constitute protected activity. *Barber v. CSX Distribution Services*, 68 F.3d 694, 702 (3d Cir. 1995).

Construing Plaintiff's Second Amended Complaint liberally, Plaintiff does not allege that she complained to Boscov's that it was engaging in religious discrimination, opposed any employment practice made unlawful by Title VII, participated in a Title VII investigation or proceeding, or otherwise engaged in activity protected by Title VII. Instead, Plaintiff simply labels Defendant's conduct as "retaliation" after recounting various workplace disputes. Those conclusory labels, however, do not substitute for factual allegations plausibly demonstrating that Plaintiff engaged in protected activity.

Courts applying these principles have consistently rejected retaliation claims premised upon conclusory allegations of protected activity. For example, in *Darby v. Temple University*, the Eastern District of Pennsylvania dismissed a Title VII retaliation claim under Rule 12(b)(6) because, although the plaintiff alleged that he complained to Human Resources, he failed to allege that he complained about religious discrimination or otherwise opposed conduct prohibited by Title VII. 216 F.Supp.3d 535, 543-44 (E.D. Pa. 2016). Likewise, in *Barber*, the Third Circuit held that a complaint of unfair treatment, absent any complaint of unlawful discrimination, does not constitute protected activity. *Barber*, 68 F.3d at 701-02. Plaintiff's allegations here are even more deficient as Plaintiff does not allege that she complained of religious discrimination at all.

Even assuming, *arguendo*, that Plaintiff adequately alleged protected activity, her retaliation claim independently fails because the Second Amended Complaint contains no factual

allegations plausibly establishing a causal connection between any protected activity and the challenged employment actions. At the pleading stage, Plaintiff must allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence of a causal connection between protected activity and the challenged adverse action. *Connelly*, 809 F.3d at 789; see also *Carvalho-Grevious*, 851 F.3d at 259-60. Here, Plaintiff alleges no facts demonstrating that any decisionmaker acted because of protected activity. She alleges no retaliatory statements, no facts demonstrating retaliatory animus, and no factual allegations connecting any protected activity to the denial of her scheduling request, her termination, or any of the other workplace conduct about which she complains. Instead, Plaintiff merely concludes that Defendant retaliated against her. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Plaintiff's repeated use of the term "retaliation" is precisely the type of legal conclusion that this Court need not accept as true.

Accordingly, as Plaintiff has failed to plausibly allege either that she engaged in protected activity under Title VII or that any adverse employment action occurred because of such activity, Plaintiff fails to state a claim for retaliation under Title VII, and that claim should be dismissed.

### C. PLAINTIFF'S REMAINING FEDERAL STATUTORY AND CONSTITUTIONAL CLAIMS FAIL AS A MATTER OF LAW.

In addition to her Title VII religious discrimination and retaliation claims contained in the Second Amended Complaint, Plaintiff’s accompanying documents reference numerous additional federal statutes and constitutional provisions, including the First, Fourth, and Fifth Amendments to the United States Constitution, the Rehabilitation Act of 1973, the Americans with Disabilities Act ("ADA"), the Fair Labor Standards Act ("FLSA"), the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), the False Claims Act ("FCA"), the Genetic

Information Nondiscrimination Act of 2008 ("GINA"), the Privacy Act of 1974, the Computer Matching and Privacy Protection Act, the Computer Fraud and Abuse Act ("CFAA"), the Stored Communications Act ("SCA"), the Electronic Communications Privacy Act ("ECPA"), the Foreign Intelligence Surveillance Act ("FISA"), and 18 U.S.C. § 1702. (D.I. 12 at 3-6; D.I. 12, Claim Portion at 1-4; D.I. 12-2 at 1-7). Plaintiff's mere citation to these statutes and constitutional provisions, however, does not state a claim. Even liberally construing Plaintiff's *pro se* pleadings, Rule 8 requires sufficient factual allegations to plausibly establish the essential elements of each asserted cause of action. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

To the extent Plaintiff attempts to assert claims under the First, Fourth, or Fifth Amendments, those claims fail as a matter of law because those constitutional protections apply only to governmental action, not purely private conduct. *Max v. Republican Comm. of Lancaster Cnty.*, 587 F.3d 198, 200-03 (3d Cir. 2009); *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800-03 (3d Cir. 2001); *Cmty. Med. Ctr. v. Emergency Med. Servs. of Ne. Pa., Inc.*, 712 F.2d 878, 879-81 (3d Cir. 1983); *Tani v. FPL/Next Era Energy*, 811 F. Supp. 2d 1004, 1020 (D. Del. 2011). With respect to the Fourth Amendment specifically, the Fourth Amendment does not protect against the independent actions of private citizens and applies to a private search only where the private party acted as an agent of the government. *United States v. Kramer*, 75 F.4th 339, 342-44 (3d Cir. 2023). Plaintiff alleges only that Boscov's, a private employer, and its employees engaged in the challenged conduct. (D.I. 12 at 4-6; D.I. 12-2 at 1-7). She alleges no facts suggesting that Defendant acted under color of state or federal law, acted as agents of any governmental entity, or otherwise engaged in conduct fairly attributable to the government. Accordingly, Plaintiff fails to state any constitutional claim. See *Tani*, 811 F. Supp. 2d at 1020.

Plaintiff likewise references several federal employment statutes, including the Rehabilitation Act, the ADA, the FLSA, the EPA, the ADEA, the FCA, and GINA. (D.I. 12, Claim Portion at 2-4). Yet the Second Amended Complaint contains no factual allegations satisfying the essential elements of any of those statutory claims. Plaintiff does not allege that she is a qualified individual with a disability, that Boscov's receives federal financial assistance, that she was paid less than a male employee for substantially equal work, that she suffered discrimination because of her age, or facts plausibly suggesting that Defendant submitted or caused the submission of false claims to the federal government. See *Wishkin v. Potter*, 476 F.3d 180, 184-85 (3d Cir. 2007) (Rehabilitation Act); *Smith v. Christiana Care Health Servs. Inc.*, 2026 WL 25631, at *3 (D. Del. Jan. 5, 2026) (ADA); *Stanziale v. Jargowsky*, 200 F.3d 101, 107-08 (3d Cir. 2000) (EPA); *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004) (ADEA); *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 155-57 (3d Cir. 2014) (FCA); 42 U.S.C. §§ 2000ff-1(a), 2000ff(4) (GINA). Plaintiff's references to those statutes are unsupported by factual allegations plausibly satisfying their statutory requirements. Such conclusory statutory references are insufficient to state a plausible claim for relief.

Moreover, although Plaintiff alleges that her "first pay was held" and that she worked seven to nine days without receiving pay, she does not allege when her wages were due or that a regular payday passed without payment, her approximate hours worked during that period, her rate of pay, the amount of wages allegedly unpaid, or other facts from which the Court could plausibly infer that Defendant failed to timely pay her the federal minimum wage. See *Wu v. E. Ocean Agric. Corp.*, 2022 WL 609619, at *2–6 (D. Del. Feb. 9, 2022) (requiring a plaintiff asserting minimum or unpaid wages under the FLSA to allege the approximate number of hours for which she was paid less than minimum wage or received no wages and dismissing claims where the allegations

were insufficient to determine the extent of the alleged underpayment). Further, Plaintiff does not identify any work week in which she worked more than forty hours and performed uncompensated work in excess of forty hours. See *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241-44 (3d Cir. 2014). Accordingly, to the extent Plaintiff raises FLSA claims, said claims fail.[2]

Plaintiff's references to various federal privacy, surveillance, computer, and criminal statutes fare no better. Plaintiff cites the Privacy Act of 1974, the Computer Matching and Privacy Protection Act, the CFAA, the SCA, the ECPA, FISA, and 18 U.S.C. § 1702 in connection with allegations that Defendant accessed her vehicle, opened her mail, monitored her activities, or otherwise invaded her privacy. (D.I. 12 at 3-6; D.I. 12, Claim Portion at 2-4; D.I. 12-2 at 1-7). Those allegations likewise fail to state a claim. The Privacy Act applies to federal agencies, and the Computer Matching and Privacy Protection Act amended the Privacy Act to regulate certain matching programs involving federal agency records; Plaintiff alleges no conduct by a federal agency or facts bringing Defendant's conduct within those provisions. See 5 U.S.C. §§ 552a(a)(1), (o)-(u). Although the CFAA, SCA, and ECPA provide civil remedies under specified circumstances, Plaintiff alleges no facts satisfying the statutory requirements for any such claim. See 18 U.S.C. §§ 1030(g), 2520, 2707; *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 113-18 (3d Cir. 2003). Likewise, although FISA contains a civil-remedies provision for certain unlawful electronic surveillance, Plaintiff alleges no facts suggesting that Defendant engaged in "electronic surveillance" within the meaning of FISA or otherwise violated a provision giving rise to civil

[2] To the extent Plaintiff also intends to assert retaliation under the FLSA, that claim likewise fails. An FLSA retaliation claim requires protected activity, an adverse employment action, and a causal connection between the two. See *Gagliardino v. Pinkerton Consulting & Investigations*, 2024 WL 552787, at *3-5 (D. Del. Feb. 12, 2024). Plaintiff does not allege that she made a complaint sufficiently clear and detailed to put Boscov's on notice that she was asserting rights protected by the FLSA, nor does she plead sufficient facts plausibly connecting any such protected complaint to her termination or another adverse employment action. See *id.* at *4-5; *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).

liability. See 50 U.S.C. §§ 1801(f), 1810. Finally, 18 U.S.C. § 1702 is a criminal statute that does not provide a private civil cause of action. *Brett v. Brett*, 503 Fed. Appx. 130, 132 (3d Cir. 2012).

Accordingly, to the extent Plaintiff intends to assert independent claims under any of the remaining federal statutes or constitutional provisions referenced in her pleadings, she has failed to allege facts sufficient to establish the essential elements of any such claim.

Accordingly, the above claims should therefore be dismissed pursuant to Rule 12(b)(6).

**D. THE COURT SHOULD DISMISS PLAINTIFF'S REMAINING STATE-LAW CLAIMS.**

Plaintiff also references various state-law causes of action, including defamation, invasion of privacy, fraud, and wrongful discharge. Construed liberally, Plaintiff's invasion-of-privacy allegations appear to assert a claim for intrusion upon seclusion, while her wrongful-discharge allegations appear alternatively to invoke Delaware's public-policy exception to the employment-at-will doctrine. Even affording Plaintiff's *pro se* pleadings liberal construction, however, the Second Amended Complaint fails to allege sufficient facts to plausibly establish the essential elements of any such claim.

Under Delaware law, a defamation claim requires a defamatory communication concerning the plaintiff, publication of that communication, and an understanding by a third party of its defamatory character. *Doe v. Cahill*, 884 A.2d 451, 463 (Del. 2005). Plaintiff identifies workplace insults such as "Estupida," "Maria Simple," and "Stink," and alleges generally that she was "defamed by colleagues to the HR manager." (D.I. 12, Claim Portion at 1; D.I. 12-2 at 3, 5). She does not, however, allege facts showing that the identified insults communicated false statements of fact about her, nor does she identify what allegedly defamatory statement any coworker communicated to Human Resources, why any such unidentified statement was false or defamatory,

or the circumstances of its publication. Accordingly, Plaintiff's conclusory allegations fail to plausibly state a claim for defamation.

Plaintiff likewise fails to plausibly allege intrusion upon seclusion. Delaware recognizes liability where a defendant intentionally intrudes, physically or otherwise, upon another's solitude, seclusion, or private affairs and the intrusion would be highly offensive to a reasonable person. *Barker v. Huang*, 610 A.2d 1341, 1350 (Del. 1992). Indeed, the Delaware Supreme Court has emphasized that intrusion must be the "*sine qua non*" of the claim. *Id.* Plaintiff alleges that mail addressed to her was opened, but provides no factual allegations concerning the circumstances under which the mail was received or opened, who opened it, whether the person who opened it knew it was personal correspondence, or facts otherwise demonstrating an intentional intrusion into Plaintiff's private affairs that would be highly offensive to a reasonable person. (D.I. 12-2 at 2). Plaintiff's allegations that Boscov's personnel monitored her and remotely accessed her vehicle are similarly insufficient. Although Plaintiff attributes the alleged vehicle access to Boscov's, she alleges no nonconclusory facts plausibly establishing that Boscov's actually accessed her vehicle or intentionally intruded upon her private affairs. Indeed, the police report attached to the Second Amended Complaint identifies no suspect or investigative lead and reports only that an interior vehicle light was involved. (D.I. 12-3). Accordingly, Plaintiff fails to plausibly allege the essential elements of an intrusion-upon-seclusion claim.

Plaintiff's fraud allegations are likewise insufficient. Under Delaware law, common-law fraud requires: (1) a false representation; (2) knowledge or belief that the representation was false, or reckless indifference to its truth; (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance; and (5) resulting damages. *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983). Although Plaintiff characterizes various events, including the opening of

her mail, issues concerning her payroll card and Chime account, and alleged vehicle access, as "fraudulent," she identifies no false representation made by Boscov's, no facts demonstrating knowledge of falsity or an intent to induce Plaintiff's reliance, and no justifiable reliance upon a misrepresentation causing resulting damages. Her conclusory characterization of these events as fraudulent therefore fails to state a claim for common-law fraud.

Finally, Plaintiff's wrongful-discharge theory fails. To the extent Plaintiff's wrongful-discharge theory merely repackages her allegations of discrimination or retaliation as a Delaware common-law claim, Delaware's statutory employment-discrimination remedy precludes such a common-law theory. See 19 Del. C. § 712(b); *Alred v. Eli Lilly & Co.*, 771 F. Supp. 2d 356, 367 (D. Del. 2011); *Shomide v. ILC Dover, Inc.*, 521 F. Supp. 2d 324, 332-34 (D. Del. 2007). *Alred* specifically explains that § 712(b) is directed at limiting or eliminating Delaware common-law claims when the plaintiff elects the statutory employment-discrimination remedy, while *Shomide* held that the Delaware employment-discrimination statute precluded recovery under a public-policy theory where the claimed public-policy violation was employment discrimination. Alternatively, to the extent Plaintiff intends to invoke Delaware's public-policy exception to the employment-at-will doctrine, she fails to plausibly allege the requirements of that narrow exception. In particular, Plaintiff does not allege that she occupied a position with responsibility for advancing or sustaining the particular recognized public interest allegedly implicated. See *Lord v. Souder*, 748 A.2d 393, 401 (Del. 2000).

Accordingly, as Plaintiff's state-law theories are unsupported by sufficient factual allegations plausibly establishing their essential elements, Plaintiff's remaining state-law claims should be dismissed pursuant to Rule 12(b)(6).

## VII. CONCLUSION

For the foregoing reasons, Defendant, Boscov's Department Store, LLC, respectfully requests that this Honorable Court grant its Motion to Dismiss and dismiss Plaintiff's Second Amended Complaint with prejudice.

Respectfully Submitted,

**MARGOLIS EDELSTEIN**

By:__ */s/ Krista M. Reale*________________
Krista M. Reale, Esquire
DE Id. #4748
300 Delaware Ave., Suite 800
Wilmington, DE 19806
Email: kreale@margolisedelstein.com
Phone: 302-404-4785

**HOFFMAN & HLAVAC**

Steven E. Hoffman, Esquire (admitted Pro Hac Vice)
Shanna R. Fegely, Esquire (admitted Pro Hac Vice)
1605 N. Cedar Crest Blvd., Suite 509
Allentown, PA 18104
Ph # 484-408-6001 Fax # 484-408-6018
Email: shoffman@hhe-law.com
Email: sfegely@hhe-law.com
*Attorneys for Defendant*

DATE: August 24, 2026