11/23/2026

Racquel Lewis

25-1528 JLH

vs.

Boscov's, et., al.

FILED
NOV 25 2026
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD

Response to Defendants Motion To Dismiss Plaintiff's Second Amended Complaint

Please accept the answers to the defendant's Motion to Dismiss the Second Amended complaint, consisting of 51 pages.

I apologize to the court for the time and manner in which the submissions are presented. Please understand, it is out of no choice & without proper tools. I thank you in advance for your understanding and cooperation.

Plaintiff,
Racquel Lewis

FILED
NOV 25 2026
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Ques. 1

11/23/26

25-1528 JLH

Responses To Defendants Motion to Dismiss, with Document 12, Filed ON 05/20/26 for reference:
Boscov's Hostile work Environment.

Defendant's 1st Ques on page 4 & 6
A) I am a christian
B) I practice my belief in different ways as allowed, including participating in service.
C) I requested Sundays off. 2 Times. I specified it was for church. I was scheduled to work on 2 Sundays. As well as called a prophet & fired.
D) The Link between being Fired and Religious Discrimination - is another believer was fired before me. He was also treated less favorable. Also, scripture instructs believers to do All things without complaining. Philippians 2:14-15. If I am to do all things without complaining but I am, intentionally, put in situations that are biased, unfair and violates my constitutional

rights, human rights, & actions that goes against all decency and ethics, choices become limited. This does not include religion alone. Which is, the very idea that was used as a playing tool with Boscov's Staff. They poked at me. Violated me. Over worked me. Didn't pay me. Verbally assaulted me. Violated my privacy by entering my car unauthorized. On Boscov's time and in their parking lot. All to play the World-Of-WARCRAFT game (WOW) & I was the target. Who was not supposed to "complain" because scripture says so, and I am a believer. Who never participated/or wanted/or said-I-will-play. This is spiritual abuse. Harassment. Religious Discrimination. And it is understood it was authorized by a government agency. A continuation of the conspiracy against my Rights. As well as "retaliation." Document 12-p.1-Item 3 explains adverse action occuring when an employers behavior puts individuals or groups at a disadvantage, as far as equal employment opportunities go www.eeoc.gov

3 of 51
11/23/26

25-1528 JLH

E) Identification of my Belief
I am a Christian. I believe in Jesus as my Lord and my God. I believe in the trinity. I believe Sundays are for worship, and rest. As stated in Acts 20:7 / 1 Corinthians 16:2. I never went into detail about my belief, because I wasn't asked. I don't mind sharing my faith. In addition to the above, there are instructions in the Bible to keep the Sabbath (Sunday observance) or Saturday. Exodus 20:8-11; Deuteronomy 5:12-15 Exodus 31:14-15; Isaiah 58:13-14; Nehemiah 13:15-22; Jeremiah 17:21-27 & Ezekiel 20:12-24 / 22:8 - OLD Testament
New Testament = Matthew 12:1-12; Mark 2:23-28; Colossians 2:16-17; Romans 14:5-6, Hebrews 4:9-11.
My faith does not prohibit working on Sundays. I needed the job. I worked on Sundays without grumble. I was scheduled. A reminder is not a complaint OR a grumble. But it was recieved that way by Management at Boscov's.

4 of 51
11/23/26

25-1528 JLH

F) Under Title VII of the Civil Rights Act of 1964, employers with 15 or more employees, must provide reasonable accomodations for an employee's sincerely held religious practices or beliefs. "Unless the request would result in the burden of substantial increased costs in relation to the conduct of its... business." Groff v. DeJoy, 600 U.S. 447, 143 S. Ct. 2279 (2023); Equal Employment Opportunity Commission; www.Archerlaw.com.

* I verbally requested Sundays off to my, then, Assistant Supervisor.

* The first request, was specific about attending church. When I was asked for my availability before hired completely. Before I was put on the schedule. I said "I am in need of Sunday's off". "That's the only day requesting". I was told this could "not" happen "during orientation".

* My employment at Boscov's was

from September 23, 2024 thru October 24, 2024. I was scheduled on Sundays, 2x's. Once on Oct. 6, 2024. The second Sunday scheduling was Oct. 20, 2024. Every other sunday.

G) Title VII of the C.R.A of 1964 made it unlawful for covered employers to fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to his/her compensation, terms, conditions or privileges of employment because of such individuals religion - 42 - USC § 2000e - 2(a)(1).

In Gardner Alfred v. Federal Reserve Bank of New York, 2023 WL 253580 (S.D.N.Y. - Jan. 26, 2023) demonstrates that employees do not have to be a member of a church or a formal religious sect. in order to have religious beliefs that qualify for protection from religious discrimination under federal employment law.

* "The Sincerety of an employee's religious belief as observed by the court in Tagore v. U.S., 735 F.3d 324 (5th Cir. 2013) is "rarely challenged"... James P. Tarquin, P.A. ; www.ocalaemploymentlawyer.com)

2) Allege Religious Disparate Treatment Response (Page 8, Item 2 - Defendants Motion to Dismiss...)

1) I am a believer of Jesus. I am a Christian and that is a protected class.

2) I have over 30 years of sales experience & a Human Service major - I have customer service skills & people skills. I have not been reprimanded for not doing my Job at Boscov's.

3) I have been fired for employee complaints to HR about me & other happenings. One → I answered the phone One Time from the opposite side of the counter. Just as the Assistant Manager had done. It's unfortunate, that I was one of a few people, who are

7 of 51
11/23/26
25-1528 JLH

(2) continued.
believers, fired from Boscovs. I have been called a "prophet". amongst other names that are derogatory and bullied. My first pay was withheld. (Biblical Scripture says to bring 1st fruits....) I did not ask for this. I wouldn't. I was also treated less favorably compared to other employees. I was ignored by HR for "complaining" about my missing pay. I was treated Badly and mean by the Assistant manager for reminding her of my "sundays" off request. And after I removed my credit application, she had tooked away nicely after forcing me to fill it out and placing it away from other applications.

4) I was fired.

(3) Religious Hostile Work Environment
I was the target of a religious persecutary game at work. WOW - World of Warcraft. I was also violated in my rights.

4. Whether Plaintiff fails to state a claim for violation of privacy

Response to Defendants Ques. on page 4.

Intrusion Upon Seclusion.
Restatement (2ND) of Torts §652 B

A) Intentional Intrusion
My car was remotely accessed by Security LP & Boscov's HR staff who stated "I got in on the 1st try." Please see Document 12 submitted on 5/20/26 p. 2, Item #4. It gives details of the violations and Intrusions into my personal car.

B) Where, I have a reasonable expectation of privacy. It's my personal car. Not a company vehicle

C) The intrusion into my personal car, that was unauthorized, while I was inside working, was highly intrusive and very severe & pervasive

D) The intrusion was very bad on me. I worried about my privacy while working

I often took breaks to check on my car. Signs of mental aguish. Highly stressed and worried if it would happen again. OR if Items were removed.

When I called 911, the Police officer arrived only to alert me that he was intending to coerce me against moving forward with a legal investigation. As he called me "Rachel".

* First Amendment violations: Boscov's & Gov't Collaboration is "STATE Action" Explained earlier, "Rachel" is a label put on me by the Depart. of Educ. after I reported adverse behavior & Discrimination to EEOC. "Rachel" have been used by staff, Police and other agencies and employers to dissuade me from engaging in protected activity.

He also denied the camera footage gathered anything. Clear sign of retaliation and intentional Intrusion upon seclusion as well as Obstruction of Justice to conceal - Snell v. Asbury 792 F. Supp. 718 (W.D. Okla. 1991); Robinson v. Shell Oil Co., 70 F.3d 325, 69 FEP 522 (4th Cir. 1995); Robinson v. Shell oil Co., 519 US. 337, 72 FRP 856 (1997).

- Violations/Intrusions continued:
4th & 14th Amendment Violations.

Unwarranted search by Loss Prevention - Boscov's Security
Boscov's staff learned of my car's security features by "security". In addition to the Defamation & Retaliation by CCBC-Education & the Police/Security (All). Government agencies.

Private Companies are not directly bound - Fourth Amendment Violations (Civil Rights Cases, 1883)

Boscov's is liable for retaliation under Title VII, ADA, FLSA & Whistleblower Statutes. Boscov's coordinated with other agencies to violate my personal property & Retaliate (unlawful search & seizure). The car is wired with Lambda & HID devices used in surveillance & because I am a believer, I am being forced into ministry full-time so that surveillance of me, is not unlawful. Working allows for independence from the Brotherhood (Freemason) that use surveillance as a control mechanism.
Boscov's employees participated as state actors.
Burlington v. Wilmington Parking Authority 1961.

11 of 51
11/23/26
25-1528 JLH

I am experiencing employment discrimination To force me into the church full-time. So that I can be surveilled in my technology, home (when I have one), CAR or any place else I have a reasonable expectation of privacy. Religious surveillance is unwarranted surveillance.

When I was at CCBC/DOE, I made a complaint because I found eviDence they were surveilling and accessing my personal email and altering emails. They were also surveilling me then. It was the start of the campaign of discrimination. They used my belief against me.

State-Action

NOW 12(+) years later Boscov's has partnered with CCBC & Security (All) to continue the conspiracy against my rights to live, reasonably, surveillance free by my ex employer, security or any other agency. So, while the public laws may not pertain to Boscov's, they are liable for participation.

(RD)

25-1528 JLH
11/23/26

Violation of Privacy with Religious Discrimination

- 10.22.2024 - my car was "searched" in Boscov's employee parking area.

(DKA)

- My car is equipped with a security system that is advanced for my car. 2009 Toyota Camry - base model
- Delaware State Police is very aware.
- Pennsylvania. Police is one government agency in which I engaged in protected activity.
- My car was purchased in PA and devices installed in PA. Police is apart of "Security" (cyber, transportation, etc.)
- My car has a 2-way radio system installed allowing police to connect amongst others. It can be remote accessed. The car is also equipped with a device labeled "Lambola". Lambola is Greek and have other meanings used in fraternities. Police is a fraternal "Brotherhood." I have been retaliated against by the "Brother Hood" and Law enforcement in connection with my ex-employer, the Department of Education. The HID device on my car (yyyyy=wyhy) is mentioned in the Bible and used by security on all levels for a specific purpose. Along with unlawful surveillance.

Intrusion continued 25-1528-JLH

Harassment may be in the form of surveillance - Larson, Employment Discrimination, CH 34, 143 Retaliation Conduct Covered, by Matthew Bender. This is understood as Gang Stalking and surveillance of my vehicle which allows for unauthorized entry on the part of Boscov's employees.

(3) Hostile Work Environment Title VII - 42 U.S.C. §2000e-3(a)

1) Protected Activity or Characteristic
2) Unwelcome conduct
3) Pervasive Threshold /Severe
4) Subjective & Objective Hostility
5) Impact on Employment Terms
6) Employer Liability

1-

- I was called stink by a colleague
- I was called a prophet by the same colleague
- I was called "esthupida" during a prank phone call by the same colleague & Maria Simpler.

2-4 - Unwelcomed & Pervasive, subjective Hostility

- The comments were unwelcomed and unwanted.
- They were derogatory jokes. I heard other colleagues laughing in the background of the prank phone call.
- The Assistant Supervisor, 10/18/2024, picked an arguement (gaslighting activity) A colleague asked me, "when do you leave?", "The Assistant Manager" stated, "I wish it was now", "I wish she was

11/23/26
25-1528 JLH

leaving now". This was recorded.
- The negative behavior from management includes - HR Director ignoring my phone calls as a new employee needing her help. As well as ignored greetings
- My mail, addressed to me was opened by management. Then given to the new Manager to give to me.
- My bank card being put in another persons name and the denial of a new one.
- Being scheduled on the day requested off. The 1st day.
- Being scheduled to work 9 straight days. Without pay
- Pay with held & Discrepancies in pay method. Being paid by Boscov's, Oracle, etc.
- Staff would talk about me in front of me.

The above are all contributions to a hostile work environment. Also a breach of contract. The environment was hostile and abusive. Besides the 2 people who were fired who were religious, 2 others quit.

5- So it is clear of the unprofessionalism pervasive, unwelcomed conduct was presented by management and trickled down to staff.

The behavior I recieved altered the terms of employment. The supportive open door policy was an option for Senior Staff and admired staff, but not me. They fired me.

6 The employer - HR & management as well as security - Tom & LP knew about the harassment. I was the person monitored during the harassment. All the way up to being fired and other times I entered the mall, to shop or eat. By Boscov's "security". Their badges were displayed and they were all black.
Please see Document 19, submitted 5/20/2026 page 4, Item 8 as it gives activity which constitute Hostile environment creation. Also other activity would be the pervasive verbal assault, company phone pranking, and over working me.

11/23/26
25-1528 JLH

1) Intentional Discrimination
2) pervasive & Severe as it landed in the social service office applying for assistance. The adverse acts also furthered homelessness.
3) these outcomes are unreasonable. So were the actions by Boscov's employees, that led to the outcome of unemployed, on social services and homeless.
4) Anyone would agree the actions were unreasonable, in my religion. or any other religion. Any reasonable person.
5) Boscov's is liable for all adverse activity. In the parking lot and inside of the store. Wherever, Boscov's employees are, while on the clock and on the property results in under color of law. Employees got paid to discriminate against me.

Title VII of C.R.A. of 1964 - an employer is generally subjected to vicarious liability with no affirmative defense. When a Supervisor's unlawful harassment

18 of 51
11/23/26
25-1528 JLH

results in a tangible employment action such as firing, etc.
(Vance v. Ball State University, 133 S.Ct. 2434 (2013)).

Alter Ego / Proxy:
The employer is responsible, if the employer empowered the employee to take tangible employment actions against the victim to fire, etc.
Vance v. Ball State University & EEOC.

HR failed to provide a system for registering complaints & she discouraged me from coming to her because she ignored me completely. No communication.
There was no clear establishment of anti-harassment and reporting policies beyond HR Director. She stated, "I am it".

A) Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275, 141 L.ED.2d 662 (1998)

B) Burlington Industries, Inc. v. Ellereth, 524 U.S. 742, 118 S.Ct. 2257, 141 L. Ed. 2d 633 (1995).

11/23/26
25-1528 JLH

Hostile Work Environment continued

In National Railroad Passenger Corp. (Amtrak) v. Morgan, 536 U.S. 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). the united states supreme court held that the continuing violation doctrine is available for hostile work environment claims as long as one act of the harassment occurred within the statutory period. MacBride v. Pishvaian, 402 Md. 572, 937 A. 2d 233 (Md. 2007) "Continuing violations that qualify under this theory are continuing unlawful acts, ---, not just merely the continuing effects of a single earlier act".

Ongoing violations tolls the statute of limitations.
Alston v. Hormel Foods Corp., 273 Neb. 422, 426, 730 N.W. 2d 376, 381 (2007); Shell Oil Co. v. Parker, 265 Md. 631, 636

The work environment lead to altered working conditions for me, as the

Hostile continued.

25-1528 JLH

acts toward me were character provoking, spiritually abusive, and my status as an employee, clearly was negatively impacted. Richardson v. New York State Dept. of Correctional Service, 180 F.3d 426, 446 (2d Cir. 1999). Coffin v. Safeway, Inc. 323 F. Supp. 2d 997 (D. Ariz. 2004).

RL ______________________

22 of 51
11/23/26
25-1528 JLH

3B. Question B.p.11 of Defendants Motion to Dismiss

Whether Plaintiff Fails To State A Claim For Retaliation Under Title VII

Referring back to Doc. 12, p. 3, Item #7 (filed on 5/20/26) Retaliation Elements

A-Protected Activity = I engaged in protected activity of reporting misconduct in Law Enforcement/Military & Discrimination in Department of Education.

B-Materially Adverse Action = Boscov's employees took defaming content & orders from Security to harass me and treat me unfavorably violating employment, privacy, 1st Amendment, 4th Amendment rights by unlawfully accessing my car via remotely. Ignored my request for days off of Sundays, took pay check (First Fruits), called me Prophet, and over worked me - which are forms of religious / Spiritual Abuse, accompanied

26 of 51
11/23/26
25:1528 JLH

retaliation

by gaslighting me into arguements, attempting to missuse my credit application information and forcing me (special interest in my info) to fill out an application; Coercing me to use the company computer to set up a chime Account which blocked me abruptly after filling out the application, opened my personal mail, set up my paycard account for me without telling me, putting the card in someone elses name, refusing to give me a new card, not paying consistently. and more. Are All materially adverse actions against me and no one else.

C-Causal Connection: HR-Director Stated to me, as she fired me, "I can't take this anymore" "It's too much" "too many complaints", "you answered the phone from the opposite side of the desk". HR (1 person) ignored my paiges, she ignored calls, she ignored greetings after I mentioned to her I was not paid. Crawford v. Metropolitan Government of Nashville and Davidson County. VII of C.R.A.

11/23/26
25-1528 JLH

Retaliation continued (p 12) 25-1528 JLH

(1) "Rachel" is a label put on me by my old employer (DOE-CCBC) because I complained about Discriminatory actions to the EEOC in 2015 (beginning). Also FTC, FCC, IC3.GOV, OCR, OIG claims made.

★ Third-Party / former employer involvement in black listing me is retaliation. That has interferred in the new job with Boscov's. Defamation or tortious interference with contract / prospective business relations.

This 3-Way Retaliation
(1) Police / Security (All levels) including LP.
(2) DOE
(3) Boscov's

Czarnowski v. DeSoto, Inc., 518 F. Supp., 1252, 26 FEP 962 (N.D. Ill...1981) - Former employer informed prospective employer of past EEOC charges.

Greengrass v. Int'l Monetary Sys., Ltd. 776 F. 3d 481, 125 FEP 1350 (7th Cir. 2015).

Veprinsky v. Fluor Daniel, Inc., 87 F. 3d 881, 71 FEP 170 (7th CIR, 1996) - "Post-termination

24 of 51
11/23/26

25-1528 JLH

Retaliation continued:

acts of retaliation that adversely affect the plaintiff's employment opportunities, or are otherwise related to employment are cognizable under Title VII," 87 F 3D AT 882, 71 FEP AT 171.

* §704 of the C.R.A. of 1964 & Pertaining to §3401 "Employees who exercise their constitutional or statutory rights to thwart workplace discrimination on the basis of race or other protected characteristis & whose employers retaliate for those protected activities have recourse to federal law to remedy the effects of those retaliatory acts." Larson, Employment Discrimination, Ch 34, 2 retaliation (Matthew Bender)

* Tenth Circuit: Gunnell v. Utah Valley State College, 152 F. 3d 1253, 79 FEP 112 (10th Cir. 1998). The court ruled that "co-worker hosility or retaliatory harassment, ... may constitute "adverse employment action for purposes of a retaliatory claim".

11/23/26

25-1528 JLH

Retaliation Continued

Protected activity vs. Personal Grudge
www.dol.gov - Retaliation is prohibited.
Employers cannot retaliate, harass,
intimidate, or take adverse actions
(firing, reducing hours, sending home,
threatening, etc. www.job-discrimination.com
Employment Lawyer Andrew Abramson.

Post-Employment Retaliation: is
interference with new employment.
Title VII, the ADA, ADEA and various
whistleblower statutes, protect former
employees just as strongly as
current ones = U.S. Supreme Court
Robinson v. Shell Oil, Co.

"Rachel" = calling me Rachel (Police
officer called when car was
remotely accessed by Boscov's
employees).
Calling me is Retaliation by past
employers and by government agencies
including the Police. Because I did
engage in protected activity of reporting
discrimination and misconduct.

2[illegible]
11/23/26
25-1528 JLH

5. Whether Plaintiff Fails to state a claim For Defamation:

Response to Defendants Ques. on Page 4.

A- False statement of Fact
- A Colleague called me derogatory names - Maria Simpler, Stink, Esthupida.
- "Why would you want to work with someone that does not like you"

B - Of and concerning the Plaintiff
- Statements were made to plaintiff on the phone & published publicly online
- statement was made to the supervisor a few feet away from me.

C- Publication to a third-party
- #2 encompasses the communication to other party other than me.

27 of 51
11/23/26
25-1528 JLH

D- Defamatory statement made was intended to harm my reputation. My then colleague, proceeded throughout my employment harassing & bullying me. She prank phone called me and made complaints to HR about me. Her statements played a part in HR's decision to fire me. My then colleagues negative behavior towards me also influenced the Assistant Manager to target me & to heighten the curiosity of other to visit the department to learn who I was.

E- Fault

Negligence - Failing to exercise reasonable care my colleague could have requested remediation. HR could have suggested remediation The public policy & agency contract had been broken. HR acted on the information presented to her by staff about me, & fired me. She did not communicate to me why.

Defamation Case law:

a defamatory statement is one that "tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or from associating or dealing with, that person."

The complaints made to HR Director about me served its purpose. It was defamatory and the HR director fired me with the complaints including other stuff. Mainly the defaming content from outside & inside Boscov's. Batson v. Shifflett, 325 Md. 684, 722-23 (1992). American Stores Co. v. Byrd, 229 Md. 5, 181 A.2d. 333 (1962)

Moreno-Nicholas v. City of Indianapolis, 84 FEP 1388, 1392 (S.D. Ind. 2000) "Disclosing information about a former employee's EEOC charge[s] & providing false information about a former employee are examples of conduct that is actionable if the conduct has a relationship to employment impairment.

6. Whether Plaintiff fails to State a claim for Wrongful Termination

Response to Defendants Ques. on page 4.

Wrongful Termination/Unlawful Termination.

A- I was fired due to Religious persecution activity.

B- I was fired due to Defamation

C- I was fired for retaliation

I am a Christian. I was performing my work duties satisfactorily prior to the termination. I am very qualified for the position. I was terminated with no communication of the matter.

The adverse activity against me were all motivated by the idea of playing a game to "test" my spiritual development by antagonizing me, violating me, Harassing & Bullying me. To see if I complain. Because believers

are instructed in the Bible not to complain. So I wasn't paid my first pay check, schedule more than 7 days of work, wasn't paid like everyone else, but cash, 2 seperate pay accounts. Boscov's and then Oracle. My pay cards were in someone else's name. I was denied a new card. I was scheduled on days (Sunday) requested off, gaslighted by supervisors, ignored by HR, personal mail addressed to me was opened. Mocked and called derogatory names by coworkers who harassed me on companies phone. Aside from unauthorized access to my vehicle and denial of access to the video footage.

All the above and more are the causal connection to Religious/Spritual abuse

Also after I reported non payment to HR, she immediately ignored all comminunication with me.

Likewise, when I destroyed a credit

3 1 of 51
11/23/26
25-1528 JLH

application that I was "forced" to complete and requested/reminded my supervisor of Sundays off She began to be mean to me avoid me, and pick arguements with me.
I was told I was being fired for answering the phone from the opposite side of the counter and she elluded to staff complaints "I can't do this anymore" "its too much". Were the reasons.
Document 12 Item 5 on page 2 gives case law and specifics on the unlawful termination

HR had reasons to terminate me She stated, "You answered the phone from the opposite side of the courtesy desk" & "too many complaints" - AT Will termination was for any legal reason any time or no reason. HR gave a reason "complaints" and "performance"
A- HR fired me for the above mentioned After, the defamation, religious discrimination, wage theft Police was called because she violated my privacy.

33 of 51
11/23/26
25-1528 JLH

According too:
Federal Law Enforcement Training Centers.
Justia U.S.
The Baez Law Firm
Gambione Law

Yes, Fourth Amendment protections extend to private employees when a private employer conducts a search or seizure at the specific request, direction, or instigation of a public entity or law enforcement. As the private employer becomes an "instrument or agent of the government" if a public body actively participates in or encourages the search: See Federal Law Enforcement Training Centers.

State Action Doctrine:
① Government Knowledge & acquiescence: A public entity or police must know about the search beforehand & either request, Direct, or actively encourage it.
Loss Provention @ Boscov's conducted

a fire drill a few days before. The LP woman employed by Boscov's stated, during the fire Drill in Boscov's parking area-"People's car are being searched" by people going around parking lots. so lock your doors.

(2) Private Employers (Boscov's) intent.

Boscov's seemed to have an ulterior motive in mind in the unlawfull search and seizure. I never told anyone about my cars devices. However, Security is every where. And works camera's in Concord mall as well as Boscov's. There is a level of cooperation with State Police in a shopping mall. Regarding security. I worked in a PRivate company that collaborated with Public officials to violate my privacy without a warrant.

According to Bona LAW, "Court decisions that address whether

34 of 51
11/23/26

wrongful Termination 25-1528 JLH

a person (private) or entity is acting as a state actor typically look at whether that person is performing a function usually reserved to the government, or whether a private action has the force of law on others.

wrongful Termination can constitute as a conspiracy against rights, when the right to work is taken away due to retaliation & discrimination. Title 18 US code §241; Snell v. Asbury, 792 F. Supp. 718 (W.D. Okla. 1991). Knowingly permitting another official to take wrongful action; discussing proposed wrongful action with another official; taking incremental action that, in concert with the wrongful actions of other officials, produces the larger wrong; and concealing!

25-1528
JLH

1 Regarding pay: Wage Theft / FAIR Labor Act
Leviticus 23:10, Proverbs 3:9-10,
Deuteronomy 18:4, and 1 Corinthians 15:20
are passages in the Bible, instructing
God's people to bring the initial portion/
First Fruits to GOD.
Boscov's employees participated in
religious discrimination by violating
the Free Exercise Clause which protects
against "...force citizens to confess by
WORD or act their faith..." (Federal Law
Protections for Religious Liberty, Page 1a.)
West Virginia State Bd. of Educ. v. Barnette,
319 U.S. 624, 642 (1943). Free exercise clause
gives Americans the "right to believe and
profess whatever religious doctrine".
"Government may not attempt to regulate
religious beliefs, compel religious beliefs,
or punish religious beliefs". See Sherbert v.
Verner, 374 U.S. 398, 402 (1963).

Title VII of the C.R.A of 1964 made it unlawful
for covered employers "to fail or refuse to hire
or to discharge any individual or otherwise
to discriminate against any individual with
respect to his/her compensation, terms, conditions
or privileges of employment, because of religion 42 USC §2000e-2(a)(1)

25-1528 JLH

- When I appeared on the schedule on 9-6-2024, Sunday I reminded the Assistant Manager (Same Person) my request for Sunday's off.
- 10-6-2024 & 10-20-2024 Are Sundays I was scheduled to work, after orientation was completed.
- 10-4-2024, I was scheduled to work 11AM - 6:30 pm - Friday I was told to leave at 3:30 p.m. and to come in on Saturday 11 - 6:30 p.m. There was a promotion that took place on 10-5-24, Saturday. and we were over staffed. Stated by colleagues.
- 9-30-2024 to 10-8-2024, Made 9 days in a row to work without a day off.
- I was originally scheduled for 10/5 off. But i was made to come into work. MAKing a total of 9 straight days of working including Sunday.
- I was paid in cash for 10-5-2024. So to not reflect on my paycheck the 9 days' of work.
- 9/23 - 9/28 = pay was late. by way of paycARD 9/29 - 10/5 = I was still awaiting first weeks pay But schedule
- 10/18/2024 = I was paid in cash due to working without paid.
- My pay card was in someone else's name "Alexis Ramirez". I was refused a New CARD by HR Director

37 of 51
11/23/26
25-1528 JLH

8- ADAAA - "Regarded As" disabled
① Actual or Perceived Impairment
② Covered Action because of Impairement
③ No Substantial Limitation Requirement

① physical or mental impairment or a covered entity-Boscov's believes they have one, could be episodic

② Firing is the covered Action by the covered entity-discriminating.

③ Person does not have to prove the impairment substantially limits a major life activity OR they believed it did.

1A - Being called "Stink" & "Maria Simpler" By a colleague.
Boscov's is held as an employer or organization subject to the ADA with 15 or more employees & a private employer who took action prohibited by the ADAAA because of an individuals perceived impairment.

"Regarded As" continued

(P) I was fired for reasons that go beyond "At-Will" employment. Employees were needed. Hiring continued after I was fired. I never got a complaint or was reprimanded except that I answered the phone from the other side of the desk. And that, "This is too much, I can't take it anymore". This statement gives the idea that I am being fired for more than state laws of AT-Will employment. Either there were complaints by other staff, I could not do my Job OR possibly something else. Colleagues calling me "Stink" and moving to another department Gives the impression of staged ADAAA Discriminat

→ Reasons believed, this is retaliation from past employment, engaging in protected activity against law enforcement, is because while worked at the DOEd. in 2018, a staff member stated, "if your disability is talking too much tell me so I will know how to

handle it. This was the same government agency that the Baltimore county Police would park a CAR outside the window with clear view of me at my cubicle.

When the Police Officer TROOP 1 referred to me as "Rachel" it was understood as unlawful surveillance, continuing violation theory and retaliation. As the name "Rachel" was an identified label by CCBC/BCPS I&T when I was employed with them and made claims of discrimination. Not only is this coercion, but also defamation. Boscov's employees have engaged in the campaign of discrimination to further the conspiracy against my rights in the continuing violation theory and retaliation.

Continuing Violation Doctrine 42 U.S.C § 2000e-5(e)(1) National Railroad Passenger Corp v. Morgan, 112 S. Ct. 2061 (2002) precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period charges of discrimination.

ADAA also protects workers who are simply perceived as having a disability even if there is no actual impairement? Even if you're perfectly healthy & your boss fires you because they think you have an illness. It constitutes discrimination.

Dallas Employment Lawyer Blog holds "if your employer took adverse actions against you as though you have a disability & that perception led to maltreatment you may have meaningful recourse. Rob Wiley P.C. Rachel Bethel Dallas Trial Attorney 6/22/2020.

Perception Drives the Action.

under the Americans with Disabilities Act Amendments Act of 2008 (ADAAA) (Prong 3) an individual regarded disabled if they are subjected to prohibited adverse action because of a actual or perceived physical or mental impairment.

Page 4, Sec IV Responses.

C. Whether Plaintiffs Remaining Federal Statutory & Constitutional Claims Fail As A matter of Law.

A- In questioning whether I have the right to bring a lawsuit against Boscovs for Defamation, Religious Discrimination, Intrusion Upon Seclusion-Violation Privacy, Wrongful Termination, Wage Theft - Fair Labor Act, Retaliation, Hostile Work Environment. Because Boscov's, as an Employer in the U.S., they must comply with federal, State, and local employment laws that govern pay (wage theft - withholding pay; Shady pay), safety - (protect employees from any form of abuse by management Staff & colleagues), anti-discrimination - (fair treatment / Equal treatment in All circumstance & beliefs of all Staff), Worker's rights (non participation in violating the privacy of workers, ignoring the rights of workers, gaslighting employees, participating in wow religious persecution games against workers, refraining from engaging or supporting

defamation at a workers expense.etc)
ARE all prohibited in the U.S.
employment realm. As well as
retaliation & ADAAA. Boscovs
is liable. NO it does not fail.

D. "...State Law Claims Fail. As A Matter
Of Law"
The above Item (C), includes
State as well.
NO, it does not fail.

Elements are satisfied. Boscov's is
a Private employer. However, the willingly
participated in a Decade long(+)
campaign of discrimination. A conspiracy
against my rights. Boscov's willingly
retaliated for government agencies,
on their behalf, to support them.
At the expense of a staff member.
They furthered the claim &
extended the clock - Continuing
Violation Doctrine 42 U.S.C § 2000e-5(e)(1)
This gives me the right to bring suit.

42 USC Section 1985 ("...conspiracy in the Civil rights law as a seemingly autonomous cause of action...")
Volk v. Coller, 845 F.2d at 1422 (7th Cir. 1988); Hampton v. City of Chicago, 484 F.2d 602 (7th Cir. 1973); Snell v. Asbury, 792 F. Supp. 718 (W.D. Okla. 1991) "Knowingly permitting another official ... - are behaviors that support inference to conspiracy.

Remedy. 25-1528 JLH

Remedies are allowed under Federal law:

1. Civil rights Action of 1991
(42. USC § 1981a)
2. Title 1 of the ADA against Private companies with 15 OR more employees.

mental anguish
emotional distress
Suffering
Future loss
punitive damages

3. Punitive damages for intentional discrimination and retaliation under Title VII and the ADA (EEOC)
Hinshaw & Culbertson LLP
(Hinshawlaw.com)

4. Defamation 3-504 provides remedy for damages
5. IADA Sec. 7-465 provides remedy for damages.
Martyn v. Donlin, 148 Conn. 27, 32, 166 A.2d 856 (1961)

1. **<u>Continuing Violation Doctrine- 42 U.S.C. § 2000e-5(e)(1):</u>**

National Railroad Passenger Corp. v. Morgan, 112S. Ct. 2061(2002); 42 U.S.C Sec 2000e - 5(e)(1) precludes " recovery for discrete acts of discrimination or retaliation that occur outside the {relevant} statutory time period" for filing charges of discrimination. U.S. v. Shrader, 675 F. 3d. 300, 301 (4TH Cir. 2012) ("continuity of purpose to achieve the --------- end - focus on the repetitive and persistent conduct on the part of the harasser..."); McBride v. Pishvaian, 402 Md. 572, 937A.2d 233 (Md.2007) - "Continuing Violations that qualify under this theory are continuing unlawful acts, .... not merely the continuing effects of a single earlier act." 78/79 York Assocs. v. Rand, 175 Misc. 2d 960, 996, 672 N.Y.S 2d 619, 623(1998); See also Alston v. Hormel Foods Corp., 273 Neb. 422, 426, 730 N. W. 2d 376, 381(2007); ('continuing tort doctrine requires that a torturous act not simply the continuing ill effects of prior tortious acts fall within the limitation period.") The "Continuing harm" or "continuing violation" theory tolls the statute of limitations in situations where there are ongoing violations of a potential plaintiff's rights. See Shell Oil v. Parker, 265 Md. 631, 636, 291 A.2d. 64, 67(1972). the United States Supreme Court held that the continuing violation doctrine is available for hostile work environment claims as long as one act of the harassment occurred within the statutory period.

2. **<u>Defamation Tort Law - §504 of the Rehabilitation Act; Title VII of the Civil Rights Act of 1964</u>: Includes Libel/Slander.**

Any intentional false communication, either written or spoken, that harms a persona reputation, decreases the respect, regard, or confidence in which a person is held induces, disparaging, hostile or disagreeable opinions of feelings, against a person is called defamation. The name calling of "estupida, stink, maria simple" are all derogatory offensive attacks said directly to me by staff at Boscov's when harassing me over the stores internal phone system. When I was fired, I was told, "there too many complaints and I can't take it anymore". I was defamed by colleagues to the HR manager. Who stopped speaking to me after hearing complaints about me. She stopped interacting with me. She stopped answering questions for training purposes, she stopped engaging with me all at once. Due to the communication with other staff. Under Maryland law, a defamatory statement is one that "tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or from associating or dealing with, that person." Batson v. Shiflet, 325 Md. 684, 722-23 (1992). Items of defamation that is streamed in media, published online are basis for the accompanied statements and treatment by staff which gives a complete defamatory concept, see American Stores Co. v. Byrd, 229 Md. 5, 181 A. 2d. 333(1962). Samuels v. Tschechtelin maintains, "Damages are presumed, however, when a plaintiff can demonstrate actual malice, by clear and convincing evidence, even in the absence of proof or harm" (135 Md. App. 483, 549-550 (2000)). Additionally, a court may take judicial notice if conduct is so egregious and/or injurious in nature. In such an instance, damages are self-evident. Czarnowski v. DeSoto, Inc. 518 F. Supp.1252, 26 Fep 962 (N.D. III, 1981). "The Plaintiffs employer informed a prospective employer that the plaintiff had filed an EEOC charge... EEOC Decision No.74-77, 1974 EEOC LEXIS 2 (Jan.18, 1974).

3. **<u>Religious discrimination and Violation of the First Amendment of the Constitution - Title VII of 1964:</u>**

Title VII of C.R.A of 1964, An Adverse action occurs when an employer behaves in a way that puts an individual or a group of people at a disadvantage as far as equal employment opportunities go www.eeoc.gov. Religious Discrimination -Title VII of C.R.A. of 1964 - EEOC - "is prohibited in any aspect of employment" including hiring, firing, pay, job assignments, promotions, etc. - 2015 Religious Discrimination is a violation of Titles III of the C.R.A. of 1964 as well. Hosanna - Tabor, 565 U.S. at 199;

Church of the Lukumi Babalu Ayem 508 U.S. at 525-26, 547; see also Burwell v. Hobby Lobby Stores, Inc., 134 S. Ct. 2751, 2770-73 (2014) (even a closely held for-profit corporation may exercise religion if operated in accordance with asserted religious principles.) First Amendment Rights: Gitlow v. New York (1925) held that state laws must be consistent with the first amendment and not violate freedom of speech -www.freedomforum.org; As the Supreme Court has repeatedly counseled, "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." Church of the Lukumi Babalu Aye v. Hialeah, 508 U.S. 520, 531 (1993). They must merely be "sincerely held." Frazee, 489 U.S. at 834. Equality Act of 2010 protects employees from discrimination harassment and victimization because of religion or belief. Religious Discrimination is prohibited (VII of C.R.A. of 1964 – EEOC) when it comes to any aspect of employment including hiring, firing, pay, job assignments, promotions. Religious Discrimination is a violation of Titles III & VII of the C.R.A of 1964. EEOC & Equality Act of 2010 protects employees from Discrimination harassment and victimization because of retaliation & religious beliefs in employment.

4. **Violation of Privacy/Intrusion Upon Seclusion and Fourth Amendment of the Constitution**

Violation of privacy by way of intrusion of solitude constitute a violation of the IV & V amendments of the U.S. Constitution.

"...it is unconstitutional under the Fourth Amendment to conduct a search and seizure without a warrant anywhere that a person has a reasonable expectation of privacy, unless certain exceptions apply - Katz v. U.S., 389 U.S. 347 (1967) - Under Title VII of the C.R.A. of 1964. U.S. v. Warshack, 632 F.3d 266 (6th Cir. 2010). "Reasonable expectation of privacy..." Berger v. NY, 388 U.S. 41, 55(1967); Katz v. U.S. 347(1967); Unlawful access of vehicle; U.S. Privacy ACT OF 1974; As my car was accessed by HR and Boscov's Security while I was inside working. A fixture was broken from inside the car. The same fixture I made a recording of a day or two before the remote access of the vehicle. The statement by security during the fire drill and the statement by the HR manager walking by me at the Courtesy desk. "I got in on the first try" and "people are searching cars in the parking lot". Although security cameras face the cars. They would not pull the footage. My car is equipped with remote accessibility. ~~The company I work for is able to remote control my vehicle.~~ Unlocking and locking doors for access, accessing stored data (i.e. conversations) via LAMBDA device connected to [redacted] and other blue-tooth devices including phones and tablets, and FM Transmitters and/or GPS receiver (LU). This is not just Intrusion Upon Seclusion, but it is criminal acts because I did not give permission to access my vehicle. Violation of Privacy / Intrusion Upon Seclusion; CFAA 18 USC Section 1030 Computer Fraud & Abuse Act; FISA of 1978, 2008; SCA 18 USC Section 2520 - Stored Communications Act; ECPA - Electronic Communications Privacy ACT - 18 USC Section 250; Penal Code Section 502 PC Unauthorized Computer Access.

5. **Wrongful Termination**: 19 Delaware Code Section 1807 and Violation of EEOC federal laws Title VII of the Civil Rights Act of 1964.

The HR manager fired me for employee complaints and answering the phone from the opposite side of the desk. I was never given a verbal warning regarding the phone. My assistant manager at the time, performed the exact same act. There was no mediation or indication the staff was complaining about me. I was told, "I can't take it anymore". Boscov's HR manager fired me due to retaliation, defamation and discrimination. She did not take the "at-will" employment doctrine into consideration. She fired me for illegal reasons. Not any reason or no reason. She stated "I can't take it anymore", "staff are complaining about you". HR fired me in violation of Public Policy. HR manager contributed to the hostile work environment by ignoring me, accessing my vehicle "I got in on the first try", refusing to rectify my pay in timely manner (refusing to work with others to deactivate the card that was in another person's name and reissuing me a new card); HR Manager refused to communicate with me about staff concerns. The firing

action of the HR Manager is opposite of "at-will" doctrine. Also, violation under the Fair Labor Standards Act (FLSA) it is illegal for employers to allow employees to work without pay - United States Department of Labor.

6. **Wage Theft - Fair Labor Standards Act:**

My first pay was held. I did not receive it and spoke to the Assistant Manager on the 7th day of work without pay, regarding the schedule for the following week and pay period. I was running into working 9 days straight without pay. After this conversation, I was treated different. When I mentioned I am working without pay, the HR Manager walked by and stated, "that's half the battle". Wage Theft is a violation of the FLSA - Fair Labor Standards Act and is a standard form of willful violations/intentional violations. The Assistant Manager was aware of the schedule and my absent pay. She deliberately began to gas light me every chance she got after that.

In a historic Fair Labor Standards Act (FLSA) case, the U.S. District Court for the Western District of Pennsylvania ordered Sam Halper, Comprehensive Healthcare Management Services, and 15 associated nursing homes to pay **$35.8 million** in back wages and liquidated damages to nearly 6,000 employees. [1, 2, 3]https://www.bizjournals.com/pittsburgh/news/2024/07/30/nursing-home-owner-back-overtime-wages.html

7. **Retaliation § 704(a) of the Civil Rights Act of 1964:**

is prohibited under the ADA, and a violation of the Title VII of the C.R.A of 1990, Equal Pay Act and the False Claims Act. All Federal anti-discrimination laws enforced by the EEOC prohibits retaliation. ("Commission precedent requires an agency to analyze an ongoing series of related acts of discrimination as a single claim- an ongoing pattern of harassment whether or not the claims are pled as independent adverse actions or as a pattern of harassment or both") U.S. Equal Employment Opportunity Commission. All of the "proactive" actions of the agencies are retaliatory purposes for the Community College of Baltimore County, - Sias v. City Demonstration Agency, 588 F.2d 692, 18 FEP 981 (9th Cir. 1978) - "held that the plaintiff need not prove actual discrimination in order to be successful in her section 704 Retaliation claim". "It is enough that the opposition be based on a reasonable belief that the employment practices violated Title VII, which the court found to be implicit in the record". Harris v. Jones, 281 Md. 560, 566, 380 A.2d 611, 614(1997) ("...extreme and outrageous character of the defendants conduct may arise from his/her abuse of a position, or relation to another person, which gives them actual or apparent authority over that person, or power to affect their interest".) EEOC vs. Outback Steakhouse of Fla., 75 F. Supp. 2d 756, 82 FEP 1106 (N.D. Ohio 1999) - Title VII retaliation need not be employee related. The Assistant Manager was nice to me until I spoke up about being over worked, requesting Sundays off and my pay check that was not received. She butted in conversations aggressively toward me. Attempting to start arguments. She gaslighted me. She took great pride in giving me my last pay, so that she could hold it and move it as I reached for it. Smiling as she did so. The HR manager ignored my calls, my greetings and questions. After mentioning not being paid. Unlawfully accessing my vehicle, opening mail that was sent to me are acts of retaliation and violation of Title VII of the Civil Rights Act 1964; as well as the Rehabilitation Act. §VIII – Proving discrimination – retaliation. The Supreme Court has defined retaliation as an intentional act. 42 U.S.C §§ 12101-12213 (2004). The antiretaliation provision of the ADA is set forth at 42 U.S.C v 12203. See Penny v. United Parcel Serv., 128 F.3d 408, 417, 7 AD Cases 718 (6TH Cir. 1997) (Retaliation claims are treated the same whether brought under the ADA or Title VII.").

Case 1:25-cv-01528-JLH Document 12 Filed 05/20/26 Page 12 of 12 PageID #: 197


8. **<u>Hostile Work Environment includes Fraud: Title VII - 42 U.S.C. §2000e-3(a)</u>** - other unlawful employment practices are prohibited under Title VII.

The fraudulent activity of opening mail directed to me; coercing me to create a Chime account on the companies computer AND the transaction was "suddenly" intercepted with an error message; pressuring me (only, out of all the new hires) to apply for a company credit card (assistant manager; calling me names; gaslighting me/picking arguments; treating me less than admirable compared to other employees; harassing me on the company phone; ~~breaking~~-into my vehicle/gaining remote access to my car unlawfully; holding my pay check; orchestrating customers to complain about me; refusing to issue another pay card as the first was in someone else's name all constitute a hostile work environment, intentionally. Hostile Work Environment is prohibited under various Federal Anti-discrimination laws - Title VII of the C.R.A; ADA of 1990; Genetic Information Non-Discrimination Act of 2008; Age Discrimination in Employment Act of 1967.

***"Organized Fraud (2023):*** *U.S. Secret Service and State Police uncovered a multi-state ring targeting Boscov's. Criminals opened Boscov's charge cards using stolen identities and diverted the cards to New York to buy merchandise." (<u>https://www.skooknews.com/2023/11/investigation-uncovers-large-scale.html#google_vignette</u>)* – The aforementioned is very similar in circumstance to what I experienced at Boscov's Concord Mall in Wilmington.

Staff made negative reference to my persona. I was never talked with about it. But the name calling and negative reference to others in my vicinity was clear. Violations of Title VII of the Civil Rights Act of 1964, as it is also dealing with Religious Discrimination and possible Americans with Disabilities Act. Contributes to Hostile Work Environment and Libel Defamation.

Sec. 3401 "Employees who exercise their constitutional or statutory rights to thwart workplace discrimination on the basis of sex or race or other protected characteristics and whose employers retaliate for those protected activities have recourse to federal law to remedy the effects of those retaliatory acts. Suit may be brought under the Constitution 1 under various federal statutes and orders 2 and, in particular, under section 704 (a) of the Civil Rights Act of 1964. "Larson, Employment Discrimination, Ch 34, 2 Retaliation (Matthew Bender). Section 7-465 of the General Statutes provides a remedy for damage persons - Martyn v. Donlin, 148 Conn. 27, 32, 166 A. 2d 856(1961). Indemnification has covered damages awarded for "infringement of any person's civil rights" Public Acts 1975, No. 75-408, Sec 3; Violation of Privacy / Intrusion Upon Seclusion; Federal Interstate Stalking; ECPA/SCA Federal computer law violations.

5/20/2026

49 of 51
11/23/26
25-1528 JLH

**American with Disabilities Act of 1990 (ADA), Equal Pay Act and the False Claims Act, Conspiracy of Rights Law Tort** for Wrongful Termination.

**CASE LAW**

**Count I - Perceived disability or regarded as disabled**

Cook v. State of Rhode Island, 10 F. 3d 17, 21(1st Cir. 1993).; Wooten v. Farmland Foods, 58 F.3d 382, 385(8th Cir. 1995).;
Americans with Disabilities Act of 1990 (ADA) and its amended version Americans with Disabilities Act Amendment of 2008 (ADAA). ADAA is an act to restore the intent and protections of the ADA of 1990. ADAA - *"establishes coverage under the law by showing that he or she has been subjected to an action prohibited under the Act (ADA) because of an actual or perceived physical or mental impairment that is not transitory (not permanent) and minor".* (www.eeoc.gov); (en.m.wikipedia.org)

**Count II - Hostile Work Environment under the Title VII, and the ADA**

*See Marrero v. Goya of Puerto Rico,* 304 F.3d 7, 26 (1st Cir.2002). *Richardson v. New York State Dept. of Correctional Service,* 180 F.3d 426, 446 (2d Cir.1999). The work environment lead to altered working conditions for the Plaintiff, as the acts toward her were character provoking and her status as an employee was negatively impacted. *See Coffin v. Safeway, Inc., 323 F. Supp. 2d 997 (D. Ariz. 2004). See Dixon v. Anderson,* 928 F.2d 212, 216 (6th Cir. 1991). *Also see Burlington Industries v. Ellerth, 524 U.S. 742 (1998)* stand that employers are liable if supervisors create a hostile work environment. *Also see Burlington Industries v. Ellerth, 524 U.S. 742 (1998)* stand that employers are liable if supervisors create a hostile work environment.

**Count III - Retaliation under the ADA, Title VII, and the Rehabilitation Act of 1973**

*Referencing: EEOC v. Federal Express Corp., 537 F.* States an employee may suffer an adverse employment action where her employer knew about, but failed to take action to abate, retaliatory harassment inflicted by co-workers. (*"Just as an employer will be liable for discrimination if it tolerates a racially or sexually hostile work environment, it will be liable for retaliation if it tolerates severe or pervasive harassment...") Faragher v. City of Boca Raton*, 524, U.S.775 (1998); *Burlington Industries. Inc., v. Ellerth,* 524 U.S. 742 (1998*). ;(see also Bridgeforth v. Jewell, 712 F. 3d 661-663(D.C.Cir.2013). ;(see also Amiri v. Securitas Sec. Servs. U.S.A, Inc., 35F.Supp.3d 41, 46 (D.D.2014).;(see also O'Brien v. Welty, 818 F.3d 920, 930 (9th Cir. 2016).;*

*Stagg v. Blue Cross of Md, Inc., 61 Md App. 381, 392 - 93, 486 A. 2d 798(1985).;(Burlington v. White, 548 U.S. 53, (2006).;(Beye v. Bureau of Bat'l Affairs, 59 Md. App. 642, 650, 477 A.2d 1197, cert. denied, 301 Md. 639, 484 A.2d 274 (1984).; (Gowski v. Peake, 682 F.3d 1299(11th Cir. 2012).; See Ferriter v Daniel OConnellis Sons; Pinnick v Cleary, 360 Mass. 1, 21 - 22 (1971); Tubens v Police Department of City of NY, U8F. Supp* - ongoing harassment has effects on the family members. Retaliation in violation of Title VII - 42 U.S.C Sec. Sec. 2000e -3(a).

**Count IV - Intentional Infliction of Emotional Distress**

*See Posey v. Calvert County Bd. of Educ., 262 F. Supp. 2d 598 (D. Md. 2003); an action may lie for intentional infliction of severe emotional distress "for conduct exceeding all bounds usually tolerated by decent society" (Prosser, Torts [4th ed.], § 12, p 56).'" Kentucky Fried Chicken Nat'l Mgmt. Co. v. Weathersby, 607 A.2d 8, 326 M6 70 (1992) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). "The absence of apparent physical damage does not serve to lessen the extent of the mental injury". See Vance v. Vance, supra, 41 Md. App. at 137, Id.at 138; Bowman v. Williams. 164 Md.397, 165 A. 182 Court of Appeals of Maryland. (21 March 1933).*

**Count V -Violation of Privacy/Intrusion of Privacy**

*United States v. Jones 565 U.S. at 400, 430 (2012).;* Violation of 18 U.S.C Sec. Sec 2261 A(2)(A) and *18 U.S.C Sec.1028 A(a)(7).; United States v. Moreland 207 F.3d 1222(2016).; U.S. v. Osinger 753 F.3d 939 - Court of Appeals, (9th Cir.2014).;18 U.S.C. 875 (C); U.S. v. Alkhabaz, 104 F. 3d 1492 (6th Cir. 1999).; U.S. v. Ledgard, 583 F. App'x 654 (9th Cir. 2014).; U.S. v. Sayer, 748 F.3d. 425 (1st Cir.2014).; U.S. v. Shrader, 675 F. 3d. 300, 301 (4th Cir. 2012)(continuity of purpose to achieve the criminal end - focus on the repetitive and persistent conduct on the part of the harasser") U.S. v. Shepard, 231 F. 3d 56 - Court of Appeals, (1st Cir. 2000).; U.S. v. Bell, 303 F.3d 1187, 1192 (9th Cir. 2002) ("course of conduct was continuum").;*Identity Theft under 18 U.S.C Sec. sec 1028 (a)(7).id.*; U.S. v. Warshack, 632 F. 3D 266 (6th Cir. 2010).; Berger v. New York, 388 U.S.41, 55(1967).; Katz v. U.S. 389. U.S. 347(1967) ("...A warrant is needed for the use of covert listening devices")*

**Count VI - Conspiracy Against Rights**

*18 U.S. Code Sec Sec 241;242*

*42 U.S.C. Section 1985(3) ("...conspiracy in the. Civil rights law as a seemingly autonomous cause of action...")*

R. L. Dane

Michael Finch, *Governmental Conspiracies to Violate Civil Rights: A Theory Reconsidered*, 57 Mont, L. Rev. (1996). https://scholarship.law.umt.edu/mlr/vol57/iss1/1
*"The act required for civil conspiracy must cause the plaintiff injury or the violation of her rights".*
*Volk v. Coler, 845 F. 2d at 1422 (7th Cir. 1988); Stathos v. Bowden, 728 F.2d. 1993 15 (1st Cir. 1984); Hampton v. City of Chicago, 484 F. 2d 602 (7th Cir. 1973); Wahad v. F.B.I., 813 F. Supp. 224 (S.D.N.Y); Snell v. Asbury, 792 F. Supp. 718 (W.D. Okla. 1991). "...knowingly permitting another official to take wrongful action; discussing proposed wrongful action with another official; taking incremental action that, in concert with the wrongful actions of the other officials, produces the larger wrong; and concealing wrongful conduct" are behaviors that support inference to conspiracy.*

**Count VII - Defamation Tort Law**

*see Shapiro v. Massengill, 105 Md. App, 743, 773 (1995)* for Defamation;
*see also American Stores Co. v. Byrd, 229 Md. 5, 181 A.2d.333(1962) (Defamation - "words may take their actionable character from accompanying circumstances") ("spoken words combined with conduct were held to be actionable").;*
*see also M & S Furniture v. De Bartolo Corp. 249 Md. 540, 544(1968).;*
*Brian v. Richardson, 87 NY 2d 46, 51 (1995).; Rand v. New York Times Co., 75 AD 2d 417, 422(1980).;Hotchner v. Castillo-Puche, 551 F2d. 9110, 913(2d Cir. 1977) regarding "mixed opinions are actionable when it is based upon facts which justify the opinion but are unknown to those reading or hearing it...")*

**Count VIII - Wrongful Discharge**

*Brockmeyer v. Dun & Bradstreet 113 Wis. 2d 561, 335 N.W. 2d 834 (1983).;*
*Philips v. Clark Oil & Refining Corp., 4089 N.W. 2d 569 (Minn. 1987)*
*Sabine Pilot Service, Inc. v. Hauck, 687 S.W. 2d 733 (Tex. 1985).*
*Petermann v. International Brotherhood of Teamsters Local 396, 174 Cal. App. 2d 184, 344 p. 2d 25 (1959).*
*Wagenseller v. Scottsdale Memorial Hospital, 147 Ariz. 370, 710 p. 2d 1025 (1985).*
*Tameny v. Atlantic Richfield Co., supra note 5; Girgenti v. Cali - con, Inc., 15 con. App. 130, 544 A. 2d 655 (1988)*
*Shapiro v. Massengill, 105 Md. App, 743, 773 (1995)* for Defamation wrongful discharge;